## JOAN MCNALLY *v.* ZONING COMMISSION OF THE CITY OF NORWALK ET AL.
### (14477)

Peters, C. J., Borden, Berdon, Norcott and Santaniello, Js.

1

Argued September 30, 1992—decision released March 9, 1993

*Robert A. Slavitt,* with whom was *Michael P. Sweeney,* for the appellant (defendant Catherine Conte).

*Alan R. Spirer,* for the appellee (plaintiff).

SANTANIELLO, J. This appeal arises out of the decision of the defendant zoning commission of the city of Norwalk (commission)[1] granting the defendant Catherine Conte permission to build an eight unit conservation development on land located along Long Island Sound. The plaintiff, Joan McNally, who had been granted permission to intervene in the defendant's application, appealed the commission's decision to the Superior Court.[2] The court found in favor of the plaintiff. The defendant filed a petition for certification[3]

---

[1] Although the commission is the named defendant, it has not participated in this appeal. References to the defendant are to Catherine Conte.

[2] General Statutes § 8-8 (b) provides in pertinent part: "[A]ny person aggrieved by any decision of a board may take an appeal to the superior court . . . ."

[3] General Statutes § 8-8 (o) provides in pertinent part: "There shall be no right to further review except to the appellate court by certification for review . . . ."

that the Appellate Court granted. We transferred the subsequent appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

The defendant claims that the trial court improperly: (1) concluded that the plaintiff owned land within 100 feet of the land involved in the commission's decision and, therefore, that the plaintiff was statutorily aggrieved pursuant to General Statutes § 8-8 (a) (1);[4] (2) decided zoning issues while General Statutes § 22a-19[5] confers upon an intervenor standing to raise only environmental issues; (3) reversed the commission's decision to allow soils below the high water mark to be used for the sole purpose of calculating upland density; and (4) ruled that the commission should have applied an amended version of § 118-410 (C) (3) of the Norwalk zoning regulations[6] to the application rather than the version in effect when the application was filed. We affirm.

The procedural background of the case is as follows. The defendant claims to own a 12.52 acre peninsula

[4] General Statutes § 8-8 (a) (1) provides in pertinent part: " 'Aggrieved person' means a person aggrieved by a decision of a board . . . . In the case of a decision by a zoning commission . . . 'aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."

[5] General Statutes § 22a-19 (a) provides in pertinent part: "In any administrative, licensing or other proceeding, and in any judicial review thereof made available by law . . . any person . . . may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state."

[6] At the time of the filing of the defendant's application, § 118-410 (C) (3) of the Norwalk zoning regulations provided in pertinent part: "The maximum number of dwellings permitted in a conservation development shall be determined by dividing the total acreage of the parcel by the minimum lot size permitted in the zone and multiplying the result by ninety hundredths (.90). . . .

"(a) Parcels which contain a body of water, a designated inland wetland or watercourse or tidal wetland shall include only fifty percent (50%) of

4

of land in Norwalk that is surrounded on three sides by Raymond Creek, also known as Half Mile Island Creek, a body of water connected to Long Island Sound.[7] The plaintiff's deed indicates that she owns property that abuts the defendant's property at the centerline of Half Mile Island Creek.

On July 21, 1989, the defendant filed an application for a coastal site plan with the commission, and on September 25, 1989, she requested a special permit. In the application, the defendant sought approval for an eight unit conservation development on her 12.52 acre parcel. The initial application stated that the property is bounded by Raymond Creek to the north, Half Mile Island Creek to the south and Canfield Avenue to the west. Of the 12.52 acres included in the application, 4.89 acres are located above the mean high water mark and 7.63 acres are tidal wetlands located below the mean high water mark. Although the plans indicated that all eight units would be located outside of the tidal wetlands, the entire 12.52 acres were used in calculating the housing density, pursuant to § 118-410 (C) (3) of the Norwalk zoning regulations.

In October, 1989, pursuant to General Statutes § 22a-109 (d), the commission submitted the plan to the state department of environmental protection (DEP) for comments. The commission first scheduled a public hearing on the application on October 18, 1989. After several postponements, the public hearing on the

said body of water or designated wetland area in arriving at the maximum number of dwelling units permitted above. . . ."

On February 21, 1990, the commission amended this regulation, effective March 2, 1990, to reduce the first factor from ninety hundredths (.90) to eighty-five hundredths (.85), and the second factor from 50 percent to 33.3 percent.

[7] The defendant's deed describes the property as extending to the centerline of Raymond Creek, following that centerline northeasterly for 185 feet and continuing to follow the centerline through the twists and turns of the creek.

defendant's application began on February 21, 1990, and concluded on April 18, 1990. At the hearing, the plaintiff intervened in the administrative proceeding pursuant to General Statutes § 22a-19. On August 15, 1990, the commission approved the application subject to seven conditions.[8]

The plaintiff then appealed to the Superior Court. The trial court sustained the plaintiff's appeal concluding, inter alia, that: (1) the plaintiff was aggrieved and had standing to bring an appeal pursuant to both General Statutes §§ 8-8 (a) and 22a-19; (2) the defendant did not own the tidal wetlands below the mean high water mark and, therefore, the commission should not have included these wetlands in the calculation of upland density; (3) the commission improperly characterized the property as containing a body of water when, in fact, it bordered on Long Island Sound; and (4) the amended version of the regulation, not the regulation in effect when the defendant's application had been filed, applied to this case, and the defendant's property did not comply with the requirements of that amended regulation.

I

The defendant first claims that the trial court's finding with respect to aggrievement cannot stand. The defendant claims that the trial court was inconsistent in holding that the defendant did not own the soils below the mean high water mark, but that the plaintiff was statutorily aggrieved pursuant to § 8-8 (a) (1) because her property was within 100 feet of the alleged boundary of the defendant's property that was located below the mean high water mark. Because aggrievement implicates the plaintiff's standing to appeal, the

---

[8] These conditions related to issues of concern raised by the DEP. At the time the commission approved the application, these concerns remained unresolved.

first issue we address is aggrievement. *Primerica* v. *Planning & Zoning Commission,* 211 Conn. 85, 92, 558 A.2d 646 (1989). Unless the plaintiff alleges and proves aggrievement, her case must be dismissed. *Smith* v. *Planning & Zoning Board,* 203 Conn. 317, 321, 524 A.2d 1128 (1987). Only if the plaintiff has established aggrievement can the court proceed to consider the merits of her claim.

The plaintiff can demonstrate statutory aggrievement pursuant to § 8-8 (a) (1) if she can demonstrate that her property abuts or is within 100 feet of "any portion of the land involved in the decision" of the commission. The deeds of the parties indicate that their properties abut at the centerline of Raymond Creek. Citing *Simons* v. *French,* 25 Conn. 346, 352 (1856), the plaintiff contends, however, that, despite what is recorded in her deed, the state owns all the land below the mean high water mark as a public trust for its citizens. See *Phillips Petroleum Co.* v. *Mississippi,* 484 U.S. 469, 108 S. Ct. 791, 98 L. Ed. 2d 877 (1988). The plaintiff claims that she is nonetheless statutorily aggrieved because the defendant's property as described in the application before the commission is within 100 feet of the mean high water mark on her property.

The defendant argues that if the land below the mean high water mark on the plaintiff's property cannot be considered for the plaintiff's aggrievement, then the land below the mean high water mark on the defendant's property should also not be considered. Because the shortest distance between the mean high water marks on the two properties is 142 feet, the defendant contends that the plaintiff is not statutorily aggrieved. The plaintiff, however, interprets the statutory language, "land involved in the decision," to mean the land described in the application, regardless of ownership, and maintains that she is statutorily aggrieved.

Both parties rely on *Caltabiano* v. *Planning & Zoning Commission*, 211 Conn. 662, 560 A.2d 975 (1989), to support their positions. In *Caltabiano*, the applicant had sought a special exception for a "3.8 acre parcel located deep within [a] 110 acre parcel." Id., 664. The plaintiffs, whose property either abutted or was within 100 feet of the 110 acre parcel, claimed that they were statutorily aggrieved. Id., 664–65. We interpreted the phrase "land involved" to be the complete tract of land owned by the applicant, not the portion of the land containing the proposed activity. Id., 663. In reaching this conclusion, we examined the legislative intent in creating statutory aggrievement. "We conclude that the legislature presumed as a matter of common knowledge that persons owning property within close proximity to a projected zoning action would be sufficiently affected by the decision of a zoning agency to be entitled to appeal that decision to the court. Giving such a right to the narrow class of abutters and those owning property within 100 feet of the land involved would not unduly enlarge the class of those entitled to appeal such a decision." Id., 668–69. To consider only those persons within 100 feet of the actual site of the proposed activity to be statutorily aggrieved is a restrictive interpretation of the statutory language. "To apply § 8-8 (a) in such a narrow fashion would be to nullify its effect of opening up the courts to litigants with a presumptively legitimate right to challenge such zoning decisions." Id., 669–70.

"Aggrievement presents a question of fact for the trial court." *Fuller* v. *Planning & Zoning Commission*, 21 Conn. App. 340, 343, 573 A.2d 1222 (1990), citing *Bakelaar* v. *West Haven*, 193 Conn. 59, 65, 475 A.2d 283 (1984). "It is well established that an appellate court will not retry the facts. Our review is to determine whether the judgment of the trial court was clearly erroneous or contrary to the law." *Fuller* v. *Planning*

*& Zoning Commission,* supra, 344. "The conclusion reached by the court cannot be disturbed on appeal unless the subordinate facts found do not support it." *Fletcher* v. *Planning & Zoning Commission,* 158 Conn. 497, 503, 264 A.2d 566 (1969).

The trial court held that "[u]nder the facts of this case, the phrase 'land involved in the decision' should be read to mean the land claimed to be owned by the applicant, accepted by the commission as owned by the applicant, and on which the commission based the substance of its decision. In this case, that land is the 12.52 acre parcel [the defendant] claims to own." Because the trial court found that the plaintiff's land is within 100 feet of the defendant's parcel, it found that the plaintiff is statutorily aggrieved. We agree with the trial court. To hold otherwise would be contrary to the legislative purpose of § 8-8 (a). Under the facts of this case, a contrary construction would prevent neighboring landowners from appealing the commission's decision and challenging the defendant's claim of ownership of the lands below the mean high water mark.

Because we conclude that the plaintiff established statutory aggrievement by showing that her property is within 100 feet of the property described in the defendant's application, it is unnecessary to decide whether the plaintiff was also aggrieved pursuant to § 22a-19.

## II

The defendant also claims that the trial court improperly applied the amended version of § 118-410 (C) of the Norwalk zoning regulations that was in effect at the time the court reviewed the commission's decision, rather than the version in effect when the application was filed. It is undisputed that the defendant's application did not comply with the amended version of the regulations.

The rule followed in Connecticut at the time the defendant filed her application was that the zoning law or regulation in effect at the time the court rendered its decision controlled the outcome. *McCallum* v. *Inland Wetlands Commission,* 196 Conn. 218, 223, 492 A.2d 508 (1985); *A.D.A.M. Land Development Corporation* v. *Conservation Commission,* 21 Conn. App. 122, 130, 572 A.2d 364 (1990). The purpose for this rule was to avoid having zoning disputes settled on the basis of out-dated rules. *East Lyme* v. *Waddington,* 4 Conn. App. 252, 259, 493 A.2d 903, cert. denied, 197 Conn. 811, 499 A.2d 61 (1985).

Public Acts 1989, No. 89-311 changed this rule. Under that act, an application must be granted if it complied with the regulations in effect at the time the application was filed.[9] This act became effective, however, on October 1, 1989. The defendant filed her application on July 21, 1989, and her request for a special permit on September 25, 1989. Because Public Acts 1989, No. 89-311 was a new enactment, it must be applied prospectively. *A.D.A.M. Land Development Corporation* v. *Conservation Commission,* supra, 130 n.7; see *Darak* v. *Darak,* 210 Conn. 462, 473, 556 A.2d 145 (1989). A statute should not be applied retroactively to pending actions unless the legislature clearly expressed an intent that it should be so applied. *New Haven* v. *Public Utilities Commission,* 165 Conn. 687, 726, 345 A.2d 563 (1974).

The defendant's application was filed before the act became effective. The act does not indicate by its language that it should be applied to pending applications.

---

[9] Public Acts 1989, No. 89-311 provides in pertinent part: "An application filed with a zoning commission . . . of a town . . . which is in conformance with the applicable zoning regulations as of the time of filing shall not be required to comply with, nor shall it be disapproved for the reason that it does not comply with, any change in the zoning regulations . . . taking effect after the filing of such application."

Therefore, as a new regulation, the act should not be applied retroactively to the defendant's application. The trial court properly applied the amended version of the regulation in its review of the commission's decision, as it was required to do by our decision in *McCallum* v. *Inland Wetlands Commission,* supra. Because the defendant's application unquestionably fails to comply with the amended version of the regulation, the trial court properly sustained the plaintiff's administrative appeal.[10]

The judgment is affirmed.

In this opinion the other justices concurred.

---

[10] In her third claim on appeal, the defendant argues that the trial court improperly reversed the commission's decision to apply § 118-410 (C) (3) of the Norwalk zoning regulations to allow soils below the high water mark to be used to calculate upland density. This claim is rendered moot by our decision that the trial court properly applied the version of the regulation in effect when it reviewed the commission's decision on the defendant's application.