[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, R R Pool Home, Inc., appeals from a decision of the defendant, Zoning Board of Appeals for the Town of Ridgefield (ZBA), denying its application for variances. The plaintiff appeals pursuant to General Statutes § 8-8.[1]
On January 17, 1992, the plaintiff filed an application for variances of certain zoning regulations for property located at 719 Danbury Rd., Ridgefield, CT.
The ZBA argues that the plaintiff is not aggrieved since it did not maintain an interest in the property throughout the course of the appeal. CT Page 10899
"Because aggrievement implicates the plaintiff's standing to appeal, the first issue [the court] address[es] is aggrievement." (Citation omitted.) McNally v. ZoningCommission, 225 Conn. 1, 5-6, 621 A.2d 279 (1993). The burden is on the plaintiff to allege and prove aggrievement. Id., 6.
"Aggrievement falls within two broad categories, classical and statutory." Cole v. Planning Zoning Commission, 30 Conn. App. 511,514, 620 A.2d 1324 (1993). "Statutory aggrievement exists by legislative fiat, which grants appellants standing by virtue of a particular legislation, rather than by judicial analysis of the particular facts of the case." Id., 514-15. General Statutes § 8-8(a)(1) states that an "aggrieved person" is "any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes § 8-8(a)(1).
In the present case, the plaintiff leases the property and, therefore, it is neither the owner nor an abutter of the subject property, (ROR, Ex. C, p. 7) and therefore is not statutorily aggrieved.
"The fundamental test for determining [classical] aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal, and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision." (Citations omitted; internal quotation marks omitted.) Munhall v. Inland Wetlands Commission, 221 Conn. 46,51, 602 A.2d 566 (1992). Depending on the circumstances of the particular case, a lessee may be aggrieved by a decision of the zoning officials. See Primerica v. Planning ZoningCommission, 211 Conn. 85, 94-95, 558 A.2d 646 (1989). "[T]he crucial point [is] not the length of the tenancy, but whether the tenant [is] a mere tenant at will." (Citations omitted.) Id., 95.
Furthermore, "[i]t is clear that our Supreme Court has treated the concept of aggrievement to appeal a zoning commission by the same standards as aggrievement to appeal other administrative decisions. . . . It is also clear that those CT Page 10900 standards require that the appellant must sustain his interest in the property involved throughout the course of his appeal." (Citations omitted.) Goldfeld v. Planning Zoning Commission,3 Conn. App. 172, 177, 486 A.2d 646 (1985). "It is not enough for a party to have an interest in the property sufficient to establish aggrievement only at the time of application to the commission." Primerica v. Planning and Zoning Commission, supra, 94.
In Goldfeld v. Planning Zoning Commission, supra, the plaintiff had an option to purchase the subject property, which ended on May 30, 1981. Id., 177. The option was revived on October 13, 1981, however, it expired six weeks prior to the court's judgment. Id. The court concluded that since "there was an interruption in the plaintiff's interest in the property of approximately four and one-half months," the plaintiff was not aggrieved. Id.
In the present case, the plaintiff entered into a lease on the subject property, commencing on March 15, 1992 and terminating on March 15, 1993. (Plaintiff's Exhibit #3.) On March 15, 1993, the plaintiff amended the lease to terminate on September 15, 1993. (Plaintiff's Exhibit #4). On April 12, 1993, the plaintiff and the owners of the subject property entered into an option agreement in which plaintiff was granted an option to purchase the property. (Plaintiff's Exhibit #5). The option to purchase expired on September 15, 1993. (Plaintiff's Exhibit #5.) On April 9, 1994, the plaintiff amended the lease and option agreement so that the lease expires on April 30, 1995 and the option to purchase expires on September 30, 1994. (Plaintiff's Exhibit #2.) The April 9, 1994 amendment referenced a lease executed on January 31, 1994. (Plaintiff's Exhibit #2.) There was a lapse in the leases and option agreements from September 15, 1993 to January 31, 1994. Being neither owner, option holder or lessee during this four and one-half month period, the plaintiff was a tenant at will. The plaintiff did not maintain a specific personal and legal interest in the property throughout the course of the appeal. Since the plaintiff has not met its burden of proving aggrievement, the plaintiff's appeal is dismissed.
FLYNN, J.