[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs commenced this appeal by service of process on November 24, 1993, and, thereafter, they filed an amended complaint on January 6, 1994, against the Commission. The plaintiffs allege that the Commission's action in deleting a regulation, that had instituted a "condo cap," was arbitrary, illegal and an abuse of discretion. The deleted zoning regulation, Brookfield Code, Sec. 242-404D(2)(d) (August 25, 1985) (regulation), had provided:
 At no time shall the total number of multifamily dwelling units approved by the Zoning Commission exceed twenty-six percent (26%) of the total of all single-family units, as calculated by the Commission, utilizing the monthly tax category report prepared by the Town Assessor.
On August 26, 1993, on its own motion, the Commission scheduled a public hearing for October 14, 1993 to discuss the proposed deletion of the regulation. On September 30, 1993 and October 7, 1993, the notice of hearing was published in the Danbury News-Times. On October 14, 1993, a public hearing was held on the proposed deletion of the regulation, at which time input was received from members the public as to their views on the proposed change in the regulation. During the hearing, Mr. R. Amorossi, a member of the Commission, filed his written "comments and opinions" concerning the proposed deletion of the regulation. In light of Amorossi's submission, Chairman Eugene Golaszewski adjourned the meeting, tabled the proposed regulation deletion, and instructed the Commission members to review the "comments and opinions" prior to voting on the proposal at the next Commission meeting scheduled for November 4, 1993. On November 4, 1993, the Commission voted on and passed the deletion of the regulation. On November 9, 1993, notice of the Committees actions was published in the Danbury News-Times. On November 24, 1993, the plaintiffs CT Page 3610 commenced this timely appeal from that decision by service on the defendant. On December 6, 1993, the plaintiffs filed this action.
The plaintiffs contend that in deleting the regulation the Commission acted "illegally, arbitrarily, capriciously and in abuse of its discretion as follows:
(1) Said decision is contrary to the Town Plan of Development; and
(2) Said decision is not reasonably related to the police power purposes set forth in Connecticut General Statutes, Sec.8-2; and
(3) The said notice of public hearing and decision were legally insufficient insofar as they failed to adequately apprise the public of the nature of the application and decision; and
(4) The decision is not supported by the record; and
(5) The Commission otherwise erred."
The plaintiffs claim that they are aggrieved by the decision of the Commission to delete the regulation since they all live within a zone affected by the change and they "are all located adjacent to or within 100 feet of a proposed major multi-family development which is a subject of the Commission's decision."[1] Further, the plaintiffs claim that they are all classically aggrieved by the Commission's actions. Elsenboss also claims that he has standing to prosecute this appeal pursuant to General Statutes, Sec. 22a-19(a), since "the Commission's decision involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state." On March 4, 1994, the plaintiffs filed a brief in support of their claim that the notice provided in this matter was defective. On June 3, 1994, the plaintiffs filed a brief in support of their position that the Commission acted arbitrarily, illegally and in an abuse of its discretion, and on December 13, 1994, the plaintiffs filed a supplemental brief. Nowhere in either of the briefs do the plaintiffs argue that they are statutorily or classically aggrieved.
On February 3, 1994, the Commission filed an answer generally denying the claims of the plaintiffs and it also filed the return CT Page 3611 of record. On July 8, 1994, the Commission filed a memorandum of law arguing that the court lacks subject matter jurisdiction over this appeal because the plaintiffs have failed to establish that they are either statutorily or classically aggrieved. Further, they argue that the Commission acted within its legislative capacity and did not abuse its discretion in deleting the "condo cap" from the regulations.
In deciding this appeal, the court need only examine the issue of aggrievement. Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 307,592 A.2d 953 (1991). "The question of aggrievement is essentially one of standing." DiBonaventura v. Zoning Board of Appeals,24 Conn. App. 369, 373, 573 A.2d 1222, cert. denied, 219 Conn. 903,593 A.2d 129 (1991). Unless the plaintiffs allege and prove aggrievement, their appeal must be dismissed. Id. The issue of aggrievement is a question of fact; McNally v. Zoning Commission,225 Conn. 1, 7, 621 A.2d 279 (1993); and the court's determination will only be overturned if it is clearly erroneous or contrary to law. Id.
An appellant has standing to maintain the appeal if it alleges and proves either classical aggrievement or statutory aggrievement. Cole v. Planning Zoning Commission, 30 Conn. App. 511,514-15, 620 A.2d 1324 (1993). Classical aggrievement is established where the plaintiffs are "affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community, and the appellant must be specifically and injuriously affected as to property or other legal rights." Smith v. Planning ZoningBoard, 203 Conn. 317, 321, 524 A.2d 1128 (1987). General amendments to land use regulations often do not comply with the first prong of the classical aggrievement test. Park City Realtyv. Zoning Commission, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 30 76 25 (March 25, 1994, Fuller, J.), citing Korby v. Plainville Planning ZoningCommission, 4 CSCR 855, 856 (September 6, 1989, Aronson, J.). "[A]s a matter of law, there can be no aggrievement when the zoning regulations of a municipality are amended in such a way that no particular area or property is affected." Sheridan v.Planning Board, 159 Conn. 1, 12, 266 A.2d 396 (1969), citingMott's Realty Corporation v. Town Plan Zoning Commission,152 Conn. 535, 539, 209 A.2d 179 (1965); see also R. Fuller, Land Use CT Page 3612 Law and Practice, Sec. 32.5, p. 536 (1993).
In the present appeal, the parties conceded at oral argument that the subject regulation change applies to all residential zones except R-7. Despite this concession, however, the plaintiffs argue that they are specifically, personally and legally affected by the regulation deletion in that they live near an open tract of land upon which, they prognosticate, a condominium complex may be built in the future. There was no evidence adduced at trial that zoning permits have been issued for the land, that construction has begun on the land or that the building of a condominium complex is somehow a phenomena that cannot occur anywhere else in Brookfield.[2] Therefore, the plaintiffs' allegations cannot rise to the level of aggrievement since the amendment does not affect any particular area of property. Sheridan v. Planning Board, supra, 12.
In Sheridan, the plaintiffs argued that a general amendment to the Stamford zoning regulations creating an "Industrial Park District" would be specially harmful and injurious to them. Id. The evidence in Sheridan indicated that the amendment could not affect any specific property in the city until such time as a specific area was designated for the new district through an amendment to the zoning map, which had not yet taken place as of the date of the approval of the general zoning amendment establishing the Industrial Park District. Id. The court, in addressing the plaintiffs' arguments, indicated that their concerns were "mere generalizations and fears" of future industrial activity insufficient to establish aggrievement. Id., 14.
A similar argument of special and injurious harm was presented by the plaintiff in Korby v. Plainville Planning Zoning Commission, supra, and dismissed by the court as speculative. Following a general zoning amendment, the plaintiff in Korby alleged that a shopping mall of regional size may be built near their residence that "would result in run-off of pollutants into the river and thereby affect his property abutting the river." Id., 856. The court held that Korby cannot show aggrievement by alleging and proving mere generalization and fears; Sheridan v. Planning Board, supra, 14; of future harm or injury. Id., 856.
The same result reached in Sheridan and Korby attaches in this case. The plaintiffs have failed to establish that they are CT Page 3613 affected any differently by this general zoning regulation change than the balance of, the citizenry of Brookfield. Further, they have failed to prove that the development of condominiums is anything other than speculative. Therefore, the plaintiffs have failed to establish classical aggrievement. Sheridan v. PlanningBoard, supra, 12; Korby v. Plainville Planning ZoningCommission, supra, 856.
The plaintiffs also contend that they are statutorily aggrieved under General Statutes, Sec. 8-8(a)(1) since they either abut or live within 100 feet of the purported condominium development. However, this argument, based on speculation, must also fail. "`Statutory aggrievement exists by legislative fiat, which grants appellants standing by virtue of a particular legislation, rather than by judicial analysis of the particular facts of the case.'" Cole v. Planning Zoning Commission, supra, 514-15.
"In Cole v. Planning Zoning Commission, 30 Conn. App. 514, the Appellate Court held that the plaintiffs in that case as owners of land within a zone to which a zoning amendment applied had proved statutory aggrievement. That does not mean, however, that a general amendment to the zoning regulations applying to all or almost all properties in the town, gives any property owner a standing to appeal the zoning amendment. That would undercut the entire purpose of the classical aggrievement provision in [General Statutes, Sec.] 8-8. Statutory aggrievement was enacted to eliminate the requirement that an appellant prove specific injury when appealing from a decision concerning nearby or abutting property." Park City Realty v. Stratford ZoningCommission, supra.
In this case there is no decision "concerning nearby or abutting property." Id. The decision of the Commission was to delete a portion of the regulations that affects the entire Town of Brookfield, not the plaintiffs individually. "Statutory aggrievement only applies where there is `land involved in the decision of' the Commission. The decision of the Commission making a general amendment to the zoning regulations does not involve any specific land. It applies throughout the town and does not take away any existing permitted uses on any land in the town. While some amendments to zoning regulations may allow an appeal based upon statutory aggrievement, that is not the situation here." Id. Since the Commission's deletion of the regulation affects the entire town and not the plaintiffs, CT Page 3614 individually, they have failed to prove statutory aggrievement. Id.
The plaintiffs have failed to prove that they are either classically or statutorily aggrieved; therefore, the court dismisses their appeal for lack of subject matter jurisdiction.DiBonaventura v. Zoning Board of Appeals, supra, 373.[3]
Stodolink, J.