[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
STATEMENT OF APPEAL[1]
The plaintiff, Richard Ranelli, appeals from the defendant's, the Giants Neck Beach Association[2] Zoning Board of Appeals (ZBA), denial of his application for an area variance for lot 276 located on Giants Neck Road, East Lyme, Connecticut. (Return of Record [ROR], Exhibit D: Notice of Decision and Publication in The Day, September 1, 1994).
BACKGROUND
On July 13, 1994, the plaintiff applied to the ZBA for a variance from the minimum lot frontage and lot area requirements of § 3004 of the zoning regulations. (ROR, Exhibit A: Application of Richard Ranelli, July 12, 1994). The ZBA conducted a hearing on August 27, 1994. (ROR, Exhibit F: Report of Variance Request Filed in Office of East Lyme Town Clerk, September 5, 1994). The plaintiff argued before the ZBA that without a variance he will continue to suffer undue hardship because he will not be able to build a house on this lot. (ROR, Exhibit G: Transcript of August 27, 1994 Public Hearing, pp. 17-18). The ZBA denied the plaintiff's application for a variance[3] and published this decision on September 6, 1994. (ROR, Exhibit D). On September 16, 1994, the plaintiff commenced this appeal in the superior court. The ZBA filed its answer to the plaintiff's appeal on December 29, 1994.
JURISDICTION
General Statutes § 8-8 governs appeals taken from the decisions of a zoning board of appeals to the superior court. To take advantage of a statutory right of appeal, parties must comply strictly with the statutory provisions that create such a right. Simko v. Zoning Board of Appeals, 206 Conn. 374, 377,538 A.2d 202 (1988). The statutory provisions are mandatory and jurisdictional in nature, and failure to comply will result in dismissal of an appeal. Id.
Aggrievement
An aggrieved person constitutes a "person aggrieved by a decision of a board. . . ." General Statutes § 8-8 (a)(1). Aggrievement is a jurisdictional matter and it is a prerequisite CT Page 3381 to maintaining an appeal. Winchester Woods Associates v. Planning Zoning Commission, 219 Conn. 303, 307, 592 A.2d 953 (1991). Aggrievement implicates the plaintiff's standing to appeal, and, therefore, represents the first issue the court must address.McNally v. Zoning Commission, 225 Conn. 1, 5-6, 621 A.2d 279
(1993). The issue of aggrievement is a question of fact. Id. Unless the plaintiff alleges and proves aggrievement, his or her appeal must be dismissed. DiBonaventura v. Zoning Board ofAppeals, 24 Conn. App. 369, 373, 588 A.2d 244 (1991). An owner of the subject property is aggrieved and entitled to bring an appeal. Winchester Woods Associates v. Planning ZoningCommission, supra, 219 Conn. 308.
The plaintiff in this appeal is Richard Ranelli, the owner of the land at issue. (Plaintiff's Appeal, September 15, 1994, para. 1). The plaintiff claims that the ZBA denied the plaintiff's application for an area variance. (Plaintiff's Appeal, September 15, 1994, para. 6). Furthermore, the plaintiff alleges that he is aggrieved by the ZBA's decision because he was and still is the owner of the land. (Plaintiff's Appeal, September 15, 1994, para. 7). Since the plaintiff has pleaded and demonstrated that he owns the land and that the ZBA denied his application for a variance for the land, the plaintiff is aggrieved by the ZBA's decision to deny his application for a variance.
Timeliness of Appeal
General Statutes § 8-8(b) provides that a party must commence an appeal within fifteen days from the date that notice of the decision is published. The plaintiff commences the appeal by serving process on the chairman of the board and the clerk of the municipality. General Statutes § 8-8(e).
The ZBA's decision to deny the plaintiff's application for an area variance was published in The Day on September 6, 1994. (ROR, Exhibit D). On September 16, 1994, a deputy sheriff personally served a true and attested copy of the citation, appeal and recognizance on the Assistant Town Clerk for the Town of East Lyme who accepted service for the Town Clerk. The sheriff also served Chairwoman Franklin by leaving a true and attested copy of the citation, appeal and recognizance at her usual place of abode on September 16. Accordingly, plaintiff timely commenced this appeal within 15 days of publication.
SCOPE OF REVIEW
CT Page 3382
"In reviewing the actions of a zoning board of appeals . . . such a board is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal. . . . The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision. . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant." (Citations omitted; internal quotation marks omitted.) Francini v. Zoning Board of Appeals, 228 Conn. 785,791, 639 A.2d 519 (1994).
This appeal concerns the ZBA's denial of the plaintiff's application for a variance. The trial court may only reverse the ZBA's denial of an application for a variance if their decision was arbitrary, illegal or an abuse of discretion. Pike v. ZoningBoard of Appeals, 31 Conn. App. 270, 273, 624 A.2d 909 (1993). "The plaintiff bears the burden of demonstrating that the board acted improperly." Id. "A reviewing court does not substitute its judgment for the judgment of the board . . . but, rather, it examines the board's reasons to see if they find reasonable support in the record and provide a relevant basis for the action taken on the application." (Citations omitted.) Id. Where the zoning authority has not provided the reasons for its decision, the court must review the record to determine whether the decision is supported thereby. A.P. W. Holding Corp. v.Planning and Zoning Board, 167 Conn. 182, 186, 355 A.2d 91
(1974).
In this appeal, the ZBA did not collectively explain the grounds for its decision. Therefore, the court must review the record to determine if there are sufficient facts to support the ZBA's conclusion.
PARTIES' ARGUMENTS
 I. ZBA's Denial of the Plaintiff's Application for a Variance
The plaintiff argues that the ZBA's decision to deny his application for a variance was illegal, arbitrary and capricious since it was based on erroneous conclusions of law and because the ZBA's decision was contrary to the evidence put before it. According to the plaintiff, he has suffered a legally sufficient CT Page 3383 hardship because of the adoption of the new zoning regulations in 1987, and, therefore, the ZBA should have granted him a variance. He further contends that neither he nor Ludwig Coiro, the previous owner, created this hardship. Additionally, the plaintiff argues that the requested variance will not substantially affect the comprehensive zoning plan.
The ZBA contends that the record contains facts establishing that the plaintiff does not suffer an unusual or unique hardship since the zoning regulations creating such hardship apply to all lots in the Giants Neck Beach Association. The ZBA also states that the plaintiff created his own hardship when he purchased lot 276.
The ZBA bases its self-created hardship argument on the following facts. In 1961, Ludwig Coiro purchased lot 277 from Frank Schirmer. (ROR, Exhibit 3: Affidavit of Ludwig Coiro, August 25, 1994, para. 4). Coiro then purchased the adjacent lot, which is numbered 276, in the late 1960's. (ROR, Exhibit 3, para. 6). Lot 276 was and still is vacant. (ROR, Exhibit A). The Board of Governors of the Giants Neck Beach Association adopted the applicable zoning regulations in 1987. (ROR, Exhibit G, p. 13). The zoning regulations provided a minimum lot area requirement of 8,000 square feet. (Defendant's Memorandum of Law, June 7, 1995, p. 1). The 1987 zoning regulations, however, allowed owners of single and separate lots, existing at the time of the 1987 regulations, to build on those lots although the lots may not conform to the regulations. (Defendant's Memorandum of Law, June 7, 1995, p. 1). According to the ZBA, in 1987, at the time of the adoption of the zoning regulations, the Coiros owned lot 276 and the adjacent lot 277. The ZBA argues that a separately owned lot refers to a separate individual owner and not just a separate deed. Since the Coiros owned both adjacent lots, the ZBA argues that they did not separately own these lots and, therefore, the 1987 zoning regulations did not provide lot 276 with any protection. The ZBA argues that lot 276 had to be merged with the Coiro's adjacent lot. Accordingly, the ZBA contends that after the adoption of the 1987 zoning regulations, the Coiros then split off and sold lot 276 to the plaintiff. Lot 276 was clearly non-conforming under the zoning regulations. Therefore, the ZBA argues that the plaintiff created his own hardship and the ZBA could not have granted him a variance.
II. Impartiality of Chairwoman Franklin
CT Page 3384
The plaintiff also argues that Chairwoman Franklin of the ZBA did not act impartially or in a neutral fashion at the hearing. According to the plaintiff, Chairwoman Franklin conducted her own research activities prior to the hearing.
The ZBA argues that Chairwoman Franklin acted impartially and in a neutral manner. According to the ZBA, Connecticut law allows members of the ZBA to do their own outside research concerning any matter before them. Therefore, the ZBA contends that Chairwoman Franklin's acts did not render her an impartial member of the board.
DISCUSSION
 I. ZBA's Denial of the Plaintiff's Application for a Variance
The plaintiff's appeal concerns the ZBA's denial of the plaintiff's application for an area variance for lot 276. General Statutes § 8-6(a)(3) permits zoning boards of appeals to grant variances. "A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations." (Internal quotation marks omitted.) Kaeser v.Zoning Board of Appeals, 218 Conn. 438, 445, 589 A.2d 1229
(1991). A variance should be granted sparingly and only in circumstances where the specified requirements are fully complied with. Id. Two basic conditions must be satisfied in order for a variance to be granted: "(1) the variance is shown not to substantially affect the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning regulation is shown to cause unusual hardship which is unnecessary to the carrying out of the general purpose of the zoning plan." (Internal quotation marks omitted.) Francini v. Zoning Board of Appeals,228 Conn. 785, 790, 639 A.2d 519 (1994). "Where the applicant or his predecessor creates a nonconformity, the board lacks power to grant a variance." (Internal quotation marks omitted.) Haines v.Zoning Board of Appeals, 26 Conn. App. 187, 193, 599 A.2d 399
(1991).
In Haines v. Zoning Board of Appeals, supra, 26 Conn. App. 190, the trial court had sustained the plaintiffs' appeal from the board's denial of their variance application. The ZBA appealed on several grounds, including the ground that the trial court had ignored the issue of self-inflicted hardship. Id., 192-93. The appellate court reversed the trial court, and emphasized that "[t]he plaintiffs purchased a parcel of land from a CT Page 3385 predecessor in title that had been improperly split, without an Oxford planning or zoning approval in 1979. Because the zoning regulations were clearly in effect at the time of the purchase, the plaintiffs purchased a piece of property that clearly was a nonconformity created by the predecessor in title and clearly did not qualify for residential construction." Id., 193. The court concluded that the landowner created the hardship and, therefore, the ZBA lacked the authority to grant the landowner a variance. Id.
The present case is analogous to Haines v. Zoning Board ofAppeals because the plaintiff in the present case created his own hardship when he purchased lot 276 from the Coiros. In 1987, when the Board of Governors adopted the applicable zoning regulations, the Coiros owned lot 276 and the adjacent lot 277. (ROR, Exhibit F, p. 2). The 1987 zoning regulations required 8,000 square feet as a minimum lot area requirement. These regulations, however, provided protection to those lots separately owned prior to and at the time of the adoption of the 1987 zoning regulations. Since the Coiros owned both parcels, they did not separately own lot 276 for the reasons already stated in the memorandum submitted in the consolidated appeal, Ranelli v. Zoning Board of Appeals, Superior Court, judicial district of New London, Docket No. 531283. Therefore, lot 276 did not receive any protection under the 1987 zoning regulations. Accordingly, the regulations required Coiro to merge lot 276 with his adjacent lot numbered 277. Furthermore, for reasons already stated, Coiro took steps to physically merge both lots. Ranelli v. Zoning Board of Appeals, Superior Court, judicial district of New London, Docket No. 531283. Therefore, at the time of, and after the adoption of, the zoning regulations lots 277 and 276 were merged into one lot.
Shortly after the adoption of the zoning regulations, the Coiros sold lot 276 to the plaintiff. (ROR, Exhibit F, p. 2). According to the plaintiff, when he purchased the lot he believed that the zoning regulations provided protection to lot 276. (ROR, Exhibit G, p. 25). The plaintiff, however, did not seek the approval of this interpretation from the ZBA. (ROR, Exhibit G, p. 26). Since both lots had merged, the Coiros, similar to the parties in Haines v. Zoning Board of Appeals, split off lot 276 and sold it to the plaintiff. Lot 276, as split and sold to the plaintiff, was nonconforming under the 1987 zoning regulations. When the plaintiff purchased lot 276, he created his own hardship because he purchased a lot that was split from another lot, and the split lot was clearly nonconforming under the zoning CT Page 3386 regulations. Therefore, since the plaintiff created his own hardship, the ZBA could not have granted the plaintiff an area variance.
II. Impartiality of Chairwoman Franklin
The plaintiff also argues that Chairwoman Franklin did not act in an impartial and neutral manner at the hearing because she engaged in outside research activities. (Plaintiff's Memorandum of Law, March 16, 1995, p. 10). The ZBA counters that the law allows members of the ZBA to base their decisions on their own personal observations of the property.
"Neutrality and impartiality of members are essential to the fair and proper operation of a planning and zoning commission."Cioffoletti v. Planning Zoning Commission, 209 Conn. 544,553-54, 552 A.2d 796 (1989). "The evil to be avoided is the creation of a situation tending to weaken public confidence and to undermine the sense of security of individual rights which the property owner must feel assured will always exist in the exercise of zoning power." (Internal quotation marks omitted.) Id., 554. "This issue involves a question of fact and the burden of proving the illegality [is] on the [plaintiff]." Id., 555. When faced with allegations of prejudice or prejudgment, the court is required to find that the member "actually had made up [her] mind prior to the public hearing, regardless of any arguments that might have been advanced at the hearing." (Internal quotation marks omitted.) Woodburn v. ConservationCommission, 37 Conn. App. 166, 175, 655 A.2d 764 (1995). Members of the ZBA are, however, permitted to use their own knowledge acquired through personal observation of the property. Torsiellov. Zoning Board of Appeals, 3 Conn. App. 47, 51, 484 A.2d 483
(1984).
The plaintiff fails to cite any specific acts that would indicate that Chairwoman Franklin failed to act as an impartial member of the ZBA. Furthermore, the plaintiff fails to demonstrate that Chairwoman Franklin had made up her mind prior to the hearing. In the absence of any evidence that Franklin failed to act in a neutral or impartial manner, or that she had made up her mind prior to the hearing, the plaintiff has failed to meet his burden.
CONCLUSION
CT Page 3387
For the foregoing reasons, the plaintiff's appeal is dismissed.
Martin, J.