[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION APPEAL FROM ZONING BOARD DECISION ARGUMENT
 I. STATEMENT OF APPEAL
The plaintiff, Penny P. Mooney, appeals from a decision of the defendant, Zoning Board of Appeals of the Town of Fairfield (the Board), in which the Board denied the plaintiff's request for a zoning variance. The Board acted pursuant to General Statutes § 8-6 (a)(3) and §§ 31.2.22 and 5.2.5 of the Zoning Regulations of the Town of Fairfield in denying the plaintiff's request for a zoning variance. The plaintiff appeals pursuant to General Statutes § 8-8.
 II. PRIOR HISTORY
The Board's decision was published on November 13, 1996. (Appeal, ¶ 10).[1] The plaintiff served the defendant by personal service on November 26, 1996. (Sheriff's Return). The appeal was filed with the clerk of the superior court on November 27, 1996. The Board filed a return of record and an answer on January 23, 1997. The plaintiff filed a brief on June 23, 1997. The Board filed a reply brief on August 14, 1997. A hearing was held on May 11, 1998. CT Page 7290
 III. FACTS
The plaintiff alleges that she is the owner of certain real property in the town of Southport located at 888 Hulls Highway. (Appeal, ¶ 1). By application dated July 8, 1996, the plaintiff requested that the Board approve a variance from the provisions of §§ 31.2.22 and 5.2.5 of the Zoning Regulations of the Town of Fairfield.[2] The plaintiff sought the variance to gain an increase in the maximum lot coverage on the property from 10% to 10.9% in order to build a deck with dimensions of thirteen feet by sixteen feet, elevated from the ground to a height of twenty-two inches. (Return of Record [ROR], Exhibit 3).
On November 7, 1996, the Board conducted a public hearing on the plaintiff's request, to which there was no public opposition. (ROR, Exhibit 7). The Board denied the plaintiff's request on November 7, 1996, on the ground that the plaintiff failed to show any hardship. (ROR, Exhibit 5). The Board notified the plaintiff of its denial by a "Notice of Decision" dated November 7, 1996. (ROR, Exhibit 5). The plaintiff now appeals from the Board's decision denying the plaintiff's request for a variance.
 IV. JURISDICTION
General Statutes § 8-8 governs appeals taken from the decisions of a zoning board of appeals to the superior court. "[A] statutory right of appeal from a decision of an administrative agency may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . [The statutory] provisions are mandatory and jurisdictional in nature, and if not complied with, the appeal is subject to dismissal." (Internal quotation marks omitted.)Simko v. Zoning Board of Appeals, 206 Conn. 374, 377, 538, A.2d 202 (1988).
 A. Aggrievement
An aggrieved person "is a person who is aggrieved by the decision of a board. . . ." General Statutes § 8-8 (a)(1). "To be classically aggrieved, and appellant must satisfy a two-part test: (1) the appellant must have a specific, personal and legal interest in the subject matter of the decision; and (2) this interest must have been specially and injuriously affected CT Page 7291 by the board's decision." Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 208, 676 A.2d 831 (1996). "The plaintiff can demonstrate statutory aggrievement pursuant to [General Statutes] § 8-8 (a)(1) if she can demonstrate that her property abuts or is within 100 feet of any portion of the land involved in the decision of the commission." (Internal quotation marks omitted.)McNally v. Zoning Commission, 225 Conn. 1, 6, 621 A.2d 279
(1993). "[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal." Jolly, Inc. v. Zoning Board of Appeals,
supra, 237 Conn. 192.
The plaintiff has alleged that she is the owner of the land involved in the Board's decision. (Appeal, ¶¶ 1, 14). The plaintiff also testified to this fact during oral argument on May 11, 1998. The plaintiff has provided further proof of ownership in the form or a certified copy of a warranty deed. (Court Exhibit 1). Accordingly, the court finds that the plaintiff has properly pleaded and proven aggrievement. See Colangelo v. Stratford Zoning Board of Appeals, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 314768 (January 30, 1997, Moran, J.).
 B. Timeliness and Service of Process
General Statutes § 8-8 (b) provides, in pertinent part, that an "appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was "published as required by the general statutes." Here, the notice of the Board's denial of the request for the variance was published on November 13, 1996, (Appeal, ¶ 10), and service of process was made on November 26, 1996 (Sheriff's Return).
Subsection (e) further provides that service "shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or the clerk of the board, and by leaving a true and attested copy with the clerk of the municipality." General Statutes § 8-8 (e). The sheriff's return indicates that Ann Hradsky, Assistant Town Clerk of the Town of Fairfield, and Richard Osborn, Chairman of the Fairfield Zoning Board of Appeals, were properly served. (Sheriff's Return).
 V. SCOPE OF REVIEW
CT Page 7292
"In reviewing an appeal from an administrative agency, the trial court must determine whether the agency has acted unreasonably, arbitrarily, illegally or in an abuse of its discretion." (Internal quotation marks omitted). Smith v. ZoningBoard of Appeals, 227 Conn. 71, 80, 629 A.2d 1089 (1993). "Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. . . ." (Internal quotation marks omitted.) Bloom v.Zoning Board of Appeals, 233 Conn. 198, 206, 658 A.2d 559 (1995). "Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." (Internal quotation marks omitted.) Id. "The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs." (Internal quotation marks omitted.) Id. "The reviewing court ought only to determine whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. . . ." (Internal quotation marks omitted.) WestHartford Interfaith Coalition Inc. v. Town Council,228 Conn. 498, 515, 636 A.2d 1342 (1994). "Of course, where there is a failure to comply, with the obligation to state reasons, the action is not deemed void but the court must search the record to see whether the board was justified in its decision." (Internal quotation marks omitted.) Id.
 VI. DISCUSSION
The plaintiff appeals the Board's decision on the ground that the Board's denial of the sought variance was unlawful, illegal, arbitrary, capricious and an abuse of discretion for the following reasons: (1) the variance requested conformed with General Statutes § 8-6 (a)(3) in that it would not substantially effect the comprehensive zoning plan; (2) the variance was denied in violation of § 8-6 (a)(3) in that the plaintiff did demonstrate on the record unusual hardship and practical difficulty with regard to the imposition of § 5.2.5 of the Zoning Regulations of the Town of Fairfield; (3) in denying the plaintiff's request, the Board failed to consider substantial evidence that established the unique and unusual topography of the property causing the practical difficulty or unusual hardship; (4) the Board failed to consider evidence that the configuration of the subject lot and the location of the CT Page 7293 drainage, bridal trail and conservation easements resulted in practical difficulty or unusual hardship; (5) the Board failed to consider evidence that because of the peculiar and unique characteristics of the property due to the substantial presence of rock ledges and the aforementioned restrictive easements, that the strict application of § 5.2.5 of the Zoning Regulations of the Town of Fairfield produced an unusual hardship and practical difficulty; and (6) the Board acted arbitrarily and unreasonably by substantially damaging the property interest of the plaintiff and arbitrarily imposing upon her significant obstruction with regard to the enjoyment of the property, without evidence to support a finding that the proposed deck would negatively effect the comprehensive zoning plan or surrounding property values.
The plaintiff argues that at the time of the public hearing, the Board received evidence concerning the reason why the plaintiff sought to build the proposed deck at a height of approximately twenty-two inches. That evidence consisted of medical records indicating that the plaintiff's elderly mother's health required that the deck be built more than the allowed twelve inches, because the ten inch difference between the plaintiff's back door and a twelve inch deck would create a hazardous situation for the plaintiff's mother.[3] The plaintiff also argues that the record demonstrates that the configuration of the plaintiff's lot and the substantial presence of rock ledge from the location of the conservation and bridal easements "renders infeasible construction of a ground level deck that would not be included for purposes of the coverage calculations and that would also be functional and safe for utilization by the Plaintiff's ailing mother." (Plaintiff's Appeal Brief, pp. 6-7). The plaintiff argues that these topographical conditions on the lot provide the basis for a finding of hardship sufficient to justify the granting of a variance. The plaintiff also argues that these conditions are different in kind from that generally affecting properties in the district and are outside the control of the property owner, and that a literal enforcement of § 5.2.5 of the Zoning Regulations of the Town of Fairfield causes exceptional difficulty and hardship due to the unusual characteristics of the property.
The Board argues that the plaintiff failed to make a showing of hardship at the public hearing. The Board argues that there is no evidence in the record to show that the plaintiff would suffer CT Page 7294 a hardship arising directly from an application of the regulations, and that a hardship does not arise due to personal circumstances, such as the plaintiff's mother's medical condition.[4] The Board also argues that the plaintiff failed to demonstrate that the restrictive easements and the rock ledges on the lot prevented her from building a deck at a height of no more than twelve inches. The Board argues that at the public hearing, the plaintiff gave as her primary reason for constructing the deck at a height of twenty-two inches the medical needs of her mother, rather than topographical restrictions inherent in the property itself.
"A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations. . . . The power of the board to grant a variance should be used only where a situation falls fully within the specified requirements. . . . Thus, the power to grant a variance should be sparingly exercised. . . . An applicant for a variance must show that, because of some peculiar characteristic of his property,
the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone." (Emphasis added)Reid v. Zoning Board of Appeals, 235 Conn. 850, 857,670 A.2d 1271 (1996). "General Statutes § [8-6 (a)(3)] empowers zoning boards of appeals to vary the application of zoning regulations if (1) the variance is shown not to affect substantially the comprehensive plan and (2) adherence to the strict letter of the zoning regulation is shown to cause unusual hardship unnecessary to carrying out the general purpose of the plan. . . . The statute provides that the board may grant variances `with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured.' . . . To support a variance, therefore, a hardship `must arise from a condition different in kind from that generally affecting properties in the same zoning district and must be imposed by conditions outside the property owner's control'. . . . The applicant bears the burden of demonstrating the existence of a hardship. " (Citations omitted; internal quotation marks omitted.) Pike v. Zoning Boardof Appeals, 31 Conn. App. 270, 273-74, 624 A.2d 909 (1993).
The court finds that the plaintiff has failed to demonstrate CT Page 7295 the existence of a hardship sufficient to warrant the reversal of the Board's decision to deny the variance. At the public hearing, when asked by the Board whether there was any reason that the proposed deck could not be lowered a foot, thereby avoiding the need for a variance, the plaintiff responded that she "narrated [her] case by putting on [her] mother's medical history. . . ." (ROR, Exhibit 7, pp. 1-2). The plaintiff also stated on the record that it would not be feasible to build a lower deck equipped with a ramp, as the plaintiff's mother "could slide . . . and exacerbate her injury." (ROR, Exhibit 7, p. 2. The plaintiff further stated on the record that her mother does not live with her "during the winter months, but during the [summer] months." (ROR, Exhibit 7, p. 3). The plaintiff did not mention any hardship created by the characteristics of the lot itself, such as the restrictive covenants or the alleged rock ledges on the property. Nor did the plaintiff submit any evidence showing that the conditions on ;her property would preclude the building of a deck twelve inches in height or less.
"Variances cannot be personal in nature, and may be based only upon property conditions. . . . In fact, we have stated that `[p]ersonal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance.' [T]he basic zoning principle that zoning regulations must directly affect land, not the owners of land . . . limits the ability of zoning boards to act for personal rather than principled reasons, particularly in the context of variances." (Citations omitted; internal quotation marks omitted.) Reid v. Zoning Board ofAppeals, supra, 235 Conn. 857-58. These principles are amply illustrated in the very case the plaintiff relies on here. InStillman v. Zoning Board of Appeals, 25 Conn. App. 631, 636-37,596 A.2d 1, cert. denied, 220 Conn. 923, 598 A.2d 963 (1991), it was argued that a hardship existed on the subject property because of the location of a well and a septic system, and because of the size of the lot. The placement of those improvements prevented the building of an addition to a house on the subject property anywhere except on the east side, which was prohibited by a setback requirement. The court held that "[t]hese unique conditions make the setback regulation exceptionally burdensome and support the board's granting of the variance." Id. The court further held, however, that "[t]he hardship claimed . . . arises from the configuration of [the] lot and the location of the well and the septic system. These conditions are not personal . . . and would exist no matter who owned the lot." CT Page 7296 Id., 637. Here, the plaintiff has demonstrated a personal hardship which exists only during the period when the plaintiff's mother is visiting the plaintiff. No evidence was submitted showing that any other owner would suffer a hardship due to the Board's denial of the variance. The plaintiff has failed to demonstrate any connection between the easement restrictions and topographical limitations on her lot — independent of her mother's needs — and her request for a variance.
 VI. CONCLUSION
The court concludes that the Board's action in denying the variance was not unlawful, illegal, arbitrary, capricious or an abuse of powers. Accordingly, the Board's decision is affirmed.
DAVID W. SKOLNICK, JUDGE