[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
CT Page 10651
By complaint dated May 12, 2000, with a return date of June 6, 2000, the plaintiff, Carl R. Hewitt, filed an appeal of a decision of the Planning Zoning Commission of the Town of Montville ("Commission") in which the Commission approved an application for a special permit to Sprint PCS for the construction of a wireless telecommunications facility at 41 Beckwith Road, Oakdale, Connecticut.
The complaint is brought in one count and summarily claims, without factual basis, that the "plaintiff is aggrieved by such a granting of the special permit for Sprint PCS application for a telecommunications tower." Complaint, ¶ 4.
The defendant, Sprint PCS, moves to dismiss the plaintiff's appeal on the basis that the plaintiff is not aggrieved as a matter of law either statutorily or classically, by the Commission's decision. Thus, he does not have standing to bring the complaint and this court does not have subject matter jurisdiction to hear the appeal.
 Facts
Sprint PCS applied to the Commission for a special permit for the construction of a wireless telecommunications facility at 41 Beckwith Road in Oakdale, Connecticut. The special permit was granted was granted by the Commission on May 9, 2000. Complaint, ¶ 1. The complaint alleges, inter alia, that the Commission acted illegally, arbitrarily and in abuse of discretion in granting the permit. Complaint, ¶ 5.
With respect to the plaintiff's standing to bring this appeal, i.e., the issue of whether he is aggrieved, he alleges only that "[t]he plaintiff is aggrieved by such a granting of the special permit for Sprint Spectrum L.P.'s application for a telecommunications tower." Complaint, ¶ 4. Such conclusory allegation, without factual basis, is insufficient to plead aggrievement and thus invoke the court's subject matter jurisdiction.
 Legal Standard
The motion to dismiss may be filed to assert lack of subject matter jurisdiction. FDIC v. Peabody, Inc., 239 Conn. 93, 99 (1996). Subject CT Page 10652 matter jurisdiction has been defined as "the power of the court to hear and determine cases of the general class to which the proceeding in question belong." Grant v. Vassman, 21 Conn. 465, [GRANT v. BASSMAN,221 Conn. 465], 470 (1992).
It is the plaintiff's burden to plead and prove aggrievement. C.G.S. § 8-8 (b) authorizes administrative appeal decisions of a Zoning Commission of Appeals. C.G.S. § 8-8 (j) provides:
 "Any defendant may, at any time after the return date of the appeal, make a motion to dismiss the appeal. If the basis of the motion is a claim that the appellant lacks standing to appeal, the appellant shall have the burden of proving standing. . . ."
Thus the plaintiff has the burden that he is aggrieved and has standing to bring this appeal. Here, because the plaintiff has failed to plead facts sufficient to the alleged aggrievement, the court lacks subject matter over the appeal.
 Discussion
The plaintiff has failed to allege aggrievement; therefore, he does not have standing to bring his appeal before this court. Aggrievement is a prerequisite to maintaining a zoning appeal, and the plaintiff has the burden of pleading and proving that he is aggrieved by the Commission's decision. Premerica v. Planning Zoning Commission of Greenwich,211 Conn. 85, 92, 93 (1989). Unless the plaintiff alleges and proves aggrievement, his case must be dismissed for lack of subject matter jurisdiction. Fuller v. Planning Zoning Commission, 21 Conn. App. 340,343 (1990). The jurisdictional requirement of aggrievement serves both as a practical and functional purpose in assuring that only those parties with genuine and legitimate interests which are affected an opportunity to appeal. Merrimack Associates, Inc. v. Disesare, 180 Conn. 511, 516
(1980).
There are two categories of aggrievement: statutory and classical. In order to be statutorily aggrieved by the Commission's decision, the plaintiff must plead and prove that he owns land that abuts or is within 100 feet of the property in dispute. C.G.S. § 8(a)(1). In order to show classical aggrievement, the plaintiff must satisfy a two-part test: first, he must demonstrate a specific personal and legal interest in the subject matter of the jurisdiction as distinguished from a general interest; second, he must establish that this specific personal and legal interest has been specially and injuriously affected by the decision.United Cable Television Services Corp. v. Department of Public UtilityCT Page 10653Control, 235 Conn. 334, 342-43 (1995). The plaintiff's complaint does not allege facts sufficient to demonstrate either classical or statutory aggrievement. With respect to aggrievement, it alleges no facts at all; rather it summarily claims only that the plaintiff is aggrieved. Complaint, ¶ 4. This is insufficient to invoke the court's subject matter jurisdiction. Th [The] plaintiff is not aggrieved as a matter of law because under the statute the requirements of statutory aggrievement for appeals from a zoning commission to the Superior Court reads:
 "Aggrieved person includes any person owning land that abuts or is within a radius of 100 feet of any portion of the land involved in the decision of the Board."
"Land involved in" means the land claimed to be owned by the applicant, excepted by the Commission, as owned by the applicant, and on which the Commission based its decision. McNally v. Zoning Commission ofthe City of Norwalk, 225 Conn. 1, 8 (1993). In this case, the "land involved in" the Commission's decision is the property for which the application was filed, 41 Beckwith Road, Oakdale, Connecticut. The plaintiff does not allege that he owns property within a radius of 100 feet of any portion of 41 Beckwith Road, Oakdale, Connecticut. Therefore, he is not aggrieved pursuant to the statute.
The plaintiff is not classically aggrieved as a matter of law. The plaintiff cannot meet the first requirement for classical aggrievement: a demonstrated specific personal and legal interest in the subject matter of the Commission's decision, as distinguished from the general interest shared by the members of the community at large. United Cable TelevisionServices Corp. v. Department of Public Utility Control, 235 Conn. 334,342-43 (1995). He cannot meet the second requirement of showing that the decision caused actual injury to a specific personal and legal interest. Id. Generalized and speculative fears are insufficient to prove aggrievement. Walls v. Planning Zoning Commission of the Town of Avon,176 Conn. 475, 477 (1979). The plaintiff makes no allegations for articulating a specific personal and legal interest of the subject matter of the Commission's decision. Similarly, the plaintiff makes no allegations of injury at all; thus he makes no allegation that the Commissioner's decision caused injury to a specific personal and legal interest. Again, the only allegation that the plaintiff makes regarding aggrievement is devoid of facts: he claims only that "the plaintiff is aggrieved by such a granting of a special permit for Sprint's application for a telecommunications tower.
Regarding the plaintiff's objection to the motion to dismiss, the court finds that his motion is based upon a claim of facts not found in the CT Page 10654 pleadings. The plaintiff's objection improperly attempts to argue that facts not included in the complaint state a claim for aggrievement. The question of this court's subject matter jurisdiction must be determined based on the allegations of the complaint. Secondly, the substantive claims upon which the plaintiff basis his claims of aggrievement, i.e., health risks from radio frequency emissions from multiple color communication facilities, cannot be considered by a zoning commission pursuant to the federal telecommunications act and thus cannot form a basis for aggrievement. Finally, even if the plaintiff was not precluded from raising health concerns, these allegations do not support his claim for aggrievement as they do not demonstrate a specific personal and legal interest as distinguished from a general interest. Therefore, the allegations of the complaint are insufficient, on their face to plead aggrievement, and the motion to dismiss must be granted. Accordingly, since the court finds that there is no statutory aggrievement nor is there any classical aggrievement, the court grants the motion to dismiss.
D. Michael Hurley, Judge Trial Referee