TOBY deELYE COLE ET AL. *v.* PLANNING AND ZONING
COMMISSION OF THE TOWN OF CORNWALL
(11227)

DALY, LAVERY and FREEDMAN, Js.

---

Argued January 5—decision released March 2, 1993

*Ian A. Cole,* for the appellants (plaintiffs).

*Thomas P. Byrne,* for the appellee (defendant).

FREEDMAN, J. This is an appeal by the plaintiffs from the judgment of the trial court dismissing their appeal from the decision of the defendant planning and zoning commission (commission) amending its regulations regarding the operation of sawmills in residential districts. The plaintiffs claim that the trial court improperly determined that they were not aggrieved parties and therefore lacked standing to maintain the appeal. We agree with the plaintiffs and reverse the judgment of the trial court.

The relevant facts are as follows. On February 11, 1991, the commission, after a public hearing, amended that portion of the zoning regulations of the town of Cornwall governing the issuance of a special exception permit and site plan approval for the establishment of a commercial sawmill in the R-3 and R-5 residential zones. Notice of this decision was published in accordance with the applicable statutory requirements and thereafter the plaintiffs filed a timely appeal to the

Superior Court. The trial court, after a hearing on the issue of aggrievement, found that the parties were not aggrieved and dismissed the appeal.[1] This appeal followed.

In their complaint, the plaintiffs alleged that they were aggrieved "because they own property within 100 feet of property upon which [an] individual intends to operate a permanent, commercial sawmill and has operated a portable sawmill in the past." They went on to allege that "[a] permanent sawmill operation was not permitted on said property under the original regulation but is permitted under the amended regulation."

During the hearing on the issue of aggrievement, in a dialogue with the court, the attorney for the defendant commission stated to the trial court that "[the plaintiffs] own property, Your Honor, in the town of Cornwall, in the R-3 [and] R-5 zone[s] that this regulation pertains to." "Judicial admissions are voluntary and knowing concessions of fact by a party or a party's attorney occurring during judicial proceedings. . . . They excuse the other party from the necessity of presenting evidence on the fact admitted and are conclusive on the party making them. . . . To the extent that they dispense with evidence, they are similar to

---

[1] After finding that the plaintiffs were not aggrieved and that the trial court therefore lacked jurisdiction to hear the appeal, the trial court, nevertheless, went on to hold that "even if aggrievement were established, the plaintiffs could not establish their claims." We conclude, however, that, once the trial court found that it lacked subject matter jurisdiction to hear the appeal on the merits because the plaintiffs were not aggrieved by the decision of the commission, it was without authority to decide the case on the merits. See *Light Rigging Co.* v. *Department of Public Utility Control*, 219 Conn. 168, 172, 592 A.2d 386 (1991) ("trial court . . . was bound to dismiss the case upon finding that it had no jurisdiction"). Its conclusions in this regard,therefore, were a nullity. Indeed, the trial court itself recognized this in its own opinion when it stated that "[b]efore the court is able to entertain the merits of the plaintiffs' case, the issue of aggrievement, which is a prerequisite to the court's exercise of jurisdiction in this or in any other administrative appeal, must be met and satisfied."

facts judicially noticed." (Citations omitted.) C. Tait &
J. LaPlante (2d Ed.) § 6.5, pp. 131–32; B. Holden & J.
Daly, Connecticut Evidence (2d Ed.) § 103a, p. 1019.
"A party is bound by a concession made during the trial
by his attorney." *Housing Authority* v. *Pezenik,* 137
Conn. 442, 448, 78 A.2d 546 (1951).

The trial court concluded that the plaintiffs had
"failed to demonstrate a specific, personal and legal
interest as distinguished from a general interest such
as is the concern of members of the community as a
whole and to establish a specific and legal interest which
has been specially and injuriously affected by the action
of the commission." The plaintiffs, however, as own-
ers of land within either the R-3 zone or the R-5 zone,
the zones to which the amendment pertains, are
aggrieved parties by virtue of General Statutes
§ 8-8 (a) (1).[2] *Timber Trails Corporation* v. *Planning
& Zoning Commission,* 222 Conn. 374, 376 n.3, 610
A.2d 617 (1992).

"Aggrievement falls within two broad categories,
classical and statutory. The factors involved in whether
classical aggrievement exists are tempered by the sub-
ject matter of the litigation. A party has been classi-
cally aggrieved if it successfully demonstrates a
specific, personal and legal interest in the subject mat-
ter of the decision, as distinguished from a general
interest, such as the concern of all members of the com-
munity as a whole, and successfully establishes that this
specific, personal and legal interest has been specially
and injuriously affected by the decision. . . . Statu-
tory aggrievement exists by legislative fiat, which
grants appellants standing by virtue of a particular

[2] General Statutes § 8-8 (a) (1) provides in pertinent pert: "In the case
of a decision by a . . . planning and zoning commission . . . 'aggrieved
person' includes any person owning land that abuts or is within a radius
of one hundred feet of any portion of the land involved in the decision of
the board."

legislation, rather than by judicial analysis of the particular facts of the case." (Citations omitted.) *Zoning Board of Appeals* v. *Planning & Zoning Commission,* 27 Conn. App. 297, 300–301, 605 A.2d 885 (1992). Here, the plaintiffs were statutorily aggrieved. The trial court, therefore, improperly determined that the plaintiffs were not aggrieved parties.

Although we determine that the plaintiffs were aggrieved parties by virtue of their ownership of land within the zone to which the amendment pertained, we must also determine whether the plaintiffs properly pleaded aggrievement. Both *pleading* and proof of aggrievement are a prerequisite to a trial court's jurisdiction over the subject matter of the plaintiffs' appeal. *Beckish* v. *Manafort,* 175 Conn. 415, 419, 399 A.2d 1274 (1978). Here, the plaintiffs pleaded, in essence, that they owned property within 100 feet of property on which an individual intended to operate a sawmill and that a permanent sawmill was not permitted on said property under the original regulation but was permitted under the amended regulation. It is obvious, therefore, that the property referred to in the complaint, on which a permanent sawmill would be permitted under the amendment, was within the zone to which the amendment pertained. As such, the plaintiffs set forth a proper allegation of aggrievement based on their proximity to a portion of the land involved in the decision of the commission. See General Statutes § 8-8 (a) (1) ("aggrieved person" includes any person owning land within a radius of 100 feet of any portion of the land involved in the decision of the commission). Whether the plaintiffs own property within the affected zone or within 100 feet of the affected zone is not significant for purposes of establishing statutory aggrievement. In both instances, there is statutory aggrievement. Immaterial variances between an allegation and the proof at trial "shall be wholly dis-

regarded." Practice Book § 178. A variance is not material if the defendant was not prejudiced in maintaining its defense, surprised by the plaintiff's proof or misled by the allegations in the complaint. *DiLieto* v. *Better Homes Insulation Co.,* 16 Conn. App. 100, 106, 546 A.2d 951 (1988); *LaFaive* v. *DiLoreto,* 2 Conn. App. 58, 62, 476 A.2d 626, cert. denied, 194 Conn. 801, 477 A.2d 1021 (1984). Clearly, the defendant commission was not misled, since it had stated to the court that the plaintiffs owned land in the affected zone. While the complaint fails to state that the plaintiffs own property within the zone to which the amendment pertains, it properly pleads aggrievement because it "alleges facts which, if proven, would constitute aggrievement as a matter of law . . . ." *Beckish* v. *Manafort,* supra.

The judgment is reversed and the case is remanded for a hearing on the merits.

In this opinion the other judges concurred.