[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Laurel Hill Association (LHA) and its president, Richard Gereg, pursuant to General Statutes §4-183, appeal a decision of the Connecticut Freedom of Information Commission (FOIC), which approved a decision of the Brookfield Zoning Commission (BZC) that they argue was illegally reached. They contest the decision of the BZC to vacate an injunction previously obtained by the BZC which shut down the activities of a quarry operated by Fairfield Resources, not a party to this action. They argue that the FOIC's decision to approve the BZC's actions was illegal, arbitrary, capricious and an abuse of its discretion.
On March 10, 1995, the FOIC issued notice of its decision approving the determination of the BZC. (Return of Record [ROR], Item 13: Notice of Decision, dated March 10, 1996.) Pursuant to General Statutes § 4-183, the plaintiffs timely exercised their appeal rights by commencing this action within forty-five days of their receipt of notice of the FOIC's decision.
This action has its genesis in ongoing litigation concerning Fairfield Resources (FR) and Rock Acquisition (RA), companies that operate a quarry in Brookfield, Connecticut. During the course of that ongoing litigation, the BZC had obtained an injunction against FR and RA to prevent them from continuing their mining operations. At its regular meeting on February 24, 1994, the BZC began discussing the possibility of lifting the injunction against FR and RA. (ROR, Item 5: Minutes of February CT Page 5149-NNN 24, 1994 meeting of the BZC, pp. 1, 3.) The BZC twice went into executive session at the meeting, and at the second session, the BZC voted to empower its chairman to "make a determination with regard to the possibility of temporarily lifting the injunction" against FR. (ROR, Item 5, p. 3.) Apparently, at some point after the conclusion of the meeting, Eugene Golaszewski, chairman of the BZC, authorized the BZC's counsel to lift the injunction: (ROR, Item 1: Notice of appeal by LHA to FOIC, dated March 25, 1994, p. 3, ¶ 16.) The crux of this action concerns the fact that the BZC permitted representatives of FR and RA to attend both executive sessions at its February 24th meeting.[1]
On March 25, 1994, the LHA and its president, Richard Gereg, appealed to the FOIC pursuant to General Statutes § 1-21g, claiming that the BZC's vote to allow its chairman to lift the injunction was illegal and improper because of the presence of FR and RA's representatives at the executive session. The FOIC held a hearing on September 8, 1994, at which time it took testimony from Richard Gereg and heard argument from counsel for the plaintiffs and the BZC. (ROR, Item 11: Transcript of September 8, 1994 meeting.) On January 19, 1995, FOIC hearing officer Deane C. Avery submitted her report, and on January 25, 1995, 1, Debra L. Rembowski, clerk of the FOIC, transmitted the proposed findings of hearing officer Avery to the LHA and Gereg. (ROR, Item 12: Transmittal of proposed finding, dated January 25, 1995, and report of hearing officer Avery, dated January 19, 1995.)
On March 8, 1995, the FOIC issued its final decision, finding that although the BZC was entitled to allow the four individuals named above into its executive meeting solely to answer questions and present testimony, it was improper to permit anyone to attend executive sessions where a vote was being taken. (ROR, Item 13: Final decision of FOIC, dated March 8, 1995, ¶¶ 18, 17.) However, the FOIC concluded that the presence of the individuals at the BZC's executive sessions "was not shown to have substantially harmed the complainants." (ROR, Item 13, ¶ 21.) Accordingly, the FOIC declined to issue an order nullifying the vote of the BZC taken at the February 24, 1994 meeting. (ROR, Item 13, ¶ 22.)[2]
In deciding this appeal the court must first examine the issue of aggrievement. "Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an administrative appeal." United Cable TelephoneServices Corp. v. Department of Public Utility Control, 235 Conn. 334, CT Page 5149-OOO 342, 663 A.2d 1011 (1995); Winchester Woods Associates v.Planning and Zoning Commission, 219 Conn. 303, 307, 592 A.2d 953
(1991). "`The determination of aggrievement presents a question of fact for the trial court and a plaintiff has the burden of proving that fact.'" United Cable Telephone Services Corp. v.Department of Public Utility Control, supra, 235 Conn. 343, quoting Mystic Marinelife Aquarium. Inc. v. Gill, 175 Conn. 483,493, 400 A.2d 726 (1978). The court's determination of facts relevant to aggrievement will only be overturned if it is clearly erroneous or contrary to law. McNally v. Zoning Commission,225 Conn. 1, 7, 621 A.2d 279 (1993).
An appellant has standing to maintain the appeal if said appellant alleges and proves either classical aggrievement or statutory aggrievement. Cole v. Planning Zoning Commission,30 Conn. App. 511, 514-15, 620 A.2d 1324 (1993), aff'd after remand,40 Conn. App. 501, ___ A.2d ___ (1996). Classical aggrievement is established where the plaintiffs are: (1) "affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community, and [(2)] the . . . [plaintiff is] specifically and injuriously affected as to property or other legal rights." Smith v. Planning Zoning Board, 203 Conn. 317, 321, 524 A.2d 1128 (1987).
"When deciding whether an association has standing to bring a claim, we have adopted the federal standard of associational standing as set forth in Hunt v. Washington State AppleAdvertising Commission. 432 U.S. 333, 343, 97 S.Ct. 2434,53 L.Ed.2d 383 (1977). An association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." Gay Lesbian Law Students v. Board of Trustees, 236 Conn. 453, 464, ___ A.2d ___ (1996), quoting Connecticut Association of HealthCare Facilities. Inc. v. Worrell, 199 Conn. 609, 616,508 A.2d 743 (1986). (Internal quotations marks omitted.)
Under the first prong of this test, for the LHA to have associational standing, the court must determine whether the members of the LHA would have standing to sue in their own right. In this appeal, the complaint has been brought in the name of the LHA and its president, Richard Gereg. Nowhere in the complaint or CT Page 5149-PPP any of the other documents submitted to the court are the members of the LHA identified, nor is Richard Gereg otherwise identified. The LHA's brief states that it consists of 120 members who were "organized to oppose the illegal quarry operations." (Plaintiff's brief, p. 2.) The transcript of the September 8, 1994 hearing, held before FOIC Commissioner Deane C. Avery, reflects that Richard Gereg, the president of the LHA, described his role as follows: "I represent approximately 120 individuals who are neighbors of an illegal mining and quarrying operation in Brookfield who formed to demand that the operation meet permitting regulations in the town of Brookfield." (ROR, Item 11: Transcript of September 8, 1994 hearing, p. 3.)
Once again, nowhere in the record are the 120 individuals who comprise the LHA identified, nor has the LHA presented any proof as to who its members are or whether they are in fact aggrieved by the BZC's decision the lift the injunction against Fairfield Resources. That is also applicable to Richard Gereg. In fact, at the hearing before this court, counsel for the LHA and Gereg stated: "Your Honor, on aggrievement I don't believe its necessary in this kind of an appeal by the face of the complaint. The Laurel Hill Association and Richard Gereg were the complainants. The decision went against them and the way that they have set forth and so they are aggrieved as a matter of law." (Transcript of April 11, 1996 hearing, p. 13.) Applying the above principles of administrative law with respect to aggrievement, namely, that: (1) a party must be either classically or statutorily aggrieved in order to bring an appeal;Cole v. Planning Zoning Commission, supra, 30 Conn. App. 514-15; (2) an association only has standing if its individual members have standing; Gay Lesbian Law Students v. Board ofTrustees supra, 236 Conn. 464; and (3) the plaintiff bears the burden of pleading and proving aggrievement; United CableTelephone Services v. Department of Public Utilities, supra,235 Conn. 343; it follows that the LHA can demonstrate aggrievement only if it proves that its individual members are aggrieved. This requires that the LHA identify its members and prove that they would have standing to sue in their own right — in other words, that the LHA's members are either classically or statutorily aggrieved.[3] The LHA certainly cannot meet its burden of proof it if does not even identify its members. This is also applicable to Richard Gereg.
The LHA and Richard Gereg's suggestion that they are aggrieved "as a matter of law" because the decision of the FOIC CT Page 5149-QQQ "went against" them is rejected by the court for two reasons. First, it is not clear to the court that the LHA and Richard Gereg properly demonstrated aggrievement in the FOIC proceedings. Second, it is well established that "[u]nder our law . . . a party may not properly rely on the administrative record to establish the fact of aggrievement, but instead, that party has the burden of proving aggrievement in the trial court." StateLibrary v. Freedom of Information Commission, 41 Conn. App. 641,648, ___ A.2d ___ (1996).
Accordingly, the plaintiffs' appeal is dismissed as they have failed to sustain their burden of pleading and proving aggrievement.
Morton I. Riefberg, Judge