[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDNUM OF DECISION RE: MOTION TO DISMISS
These two zoning appeals involve separate proceedings, with separate records, before the defendant Darien Planning and Zoning Commission (Commission). The appeals concern the lots of a two lot subdivision. The appeal bearing the docket number CV95 0147513 concerns the "south" lot, and the appeal with the docket number CV97 0157290 concerns the "north" lot. The court held CT Page 9931 trial of these appeals on July 1, 1998, July 8, 1998, July 20, 1998, and July 27, 1998.
General Statutes § 8-8 governs appeals taken from the decisions of a planning and zoning commission to the Superior Court. General Statutes § 8-8 (b) provides that any person "aggrieved" by a decision of the planning and zoning commission may appeal to the Superior Court. Section 8-8 (a)(1) provides in part that an aggrieved person includes, "any persons owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the [planning and zoning commission]."
"Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an administrative appeal. . . . It is [therefore] fundamental that, in order to have standing to bring an administrative appeal, a person must be aggrieved." (Citation omitted; internal quotation marks omitted.) Med-Trans of Connecticut, Inc. v. Dept. of Health Addiction Services, 242 Conn. 152, 158 699 A.2d 142 (1997).
General Statutes § 8-8 (j) provides in part: "Any defendant may, at any time after the return date of the appeal, make a motion to dismiss the appeal. If the basis of the motion is a claim that the appellant lacks standing to appeal, the appellant shall have the burden of proving his standing."
THE SOUTH LOT APPEAL:
The following persons are named as plaintiffs in the appeal from the Commission's decision regarding the south lot: Janet Tweedy, Zembra Olson, Leo and Diane Schlinkert (the Schlinkerts), and Richard and Cecile Windels (the Windels). The defendants are: the Commission, John and Diane Wilson, and Joanne Hart.
Defendants Hart and the Commission have filed motions to dismiss based on the failure of the plaintiffs to establish aggrievement. "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1996).
The court is satisfied that aggrievement has been properly CT Page 9932 pleaded and proved as to plaintiffs Tweedy and the Windels in regard to the south lot.
It is alleged in the complaint that Janet Tweedy owns property which, "abuts or is within [one] hundred feet of the premises which are the subject of this Appeal." On July 8, 1998, the deed to the Tweedy property was entered into evidence, and the court heard testimony from Janet Tweedy's daughter regarding the ownership and location of the Tweedy property. This court finds that Janet Tweedy owns property abutting the south lot. Therefore, aggrievement has been properly pleaded and proved by plaintiff Tweedy, and the court denies the motion to dismiss as to this plaintiff.
The court also denies the motion to dismiss as to the Windels. The Windels allege in the complaint that they own property, "located in the immediate proximity of the premises which are the subject of this appeal." Defendant Hart argues that the Windels must prove classical aggrievement because they railed to allege statutory aggrievement by alleging that they are "within close proximity" to the south lot, rather than alleging that they abut or are within one hundred feet of the south lot.
The court heard testimony from Richard Windels on July 1, 1998 and July 8, 1998. The deed to the Windels' property was entered into evidence. The court also examined the maps submitted and concluded that the Windels' property is 94.44 feet from the south lot, and thus, within one hundred feet of the subject property as required to prove statutory aggrievement under General Statutes § 8-8. The court finds the variance between the Windels' allegation that their property is "within close proximity" to the south lot, and the proof that they are within the one hundred feet parameter for statutory aggrievement, to be immaterial. "Immaterial variances between an allegation and the proof at trial shall be wholly disregarded. . . . A variance is not material if the defendant was not prejudiced in maintaining its defense, surprised by the plaintiff's proof or misled by the allegations in the complaint." (Citation omitted; internal quotation marks omitted.) Cole v. Planning Zoning Commission,30 Conn. App. 511, 515-16, 620 A.2d 1324 (1993). The defendants in this case were not prejudiced in maintaining their defense.
The court finds that aggrievement has been pleaded and proved by the Windels and the court denies the motion to dismiss as to these plaintiffs. CT Page 9933
The court grants the motion to dismiss as to Zembra Olson. No evidence was presented at trial regarding aggrievement of this plaintiff. In fact, the plaintiffs' attorney admitted in court that Zembra Olson had passed away. Defendant Hart submitted documents in support of her motion to dismiss that show that the property was sold by the executors of Olson's estate on January 9, 1998.
Plaintiffs Leo and Diane Schlinkert did not appear at the trial of this appeal. Defendant Hart seeks dismissal of the appeal as to the Schlinkerts based on their failure to establish their ownership of abutting property. The attorney for the plaintiffs argues that statutory aggrievement is sufficiently proven since several maps in the record depict and label the Schlinkerts' property. The defendant, however, has raised a question regarding the Schlinkerts' ownership interest in the abutting lot. No evidence was presented to the court establishing such ownership. The motion to dismiss is granted as to the Schlinkerts.
Proof of aggrievement by one plaintiff is sufficient in order for this court to have subject matter jurisdiction over an appeal. Protect Hamden/North Haven From Excessive Traffic Pollution. Inc. v. Planning Zoning Commission, 220 Conn. 527,529 n. 3, 600 A.2d 757 (1991). The court disagrees with the plaintiffs' assertion that it is not empowered to ascertain the aggrievement of all the plaintiffs. The cases cited by the plaintiffs support the proposition that if aggrievement is established by one plaintiff, the court has subject matter jurisdiction over the appeal. The court does not read these cases, however, as barring inquiry into the aggrievement of each plaintiff. The court finds that while Tweedy and the Windels have sufficiently pleaded and proved aggrievement, thereby conferring subject matter jurisdiction on this court, Olson and the Schlinkerts have not established aggrievement, and thus, have no standing to maintain this appeal. While it may make little practical difference if the appeal is dismissed as to Olson and the Schlinkerts since the court will consider the merits of the appeal based on the aggrievement of Tweedy and the Windels, the court sees no reason to keep these parties in this appeal.
THE NORTH LOT APPEAL:
The plaintiffs in the north lot appeal are: Janet Tweedy, the CT Page 9934 Windels, the Schlinkerts, Zembra Olson, and Laurence and Carol Smith (the Smiths).
The court finds that the Windels have pleaded and proved aggrievement in relation to the north lot. Testimony from Richard Windels, the deed for the Windels' property, and the maps submitted establish that the Windels own property abutting the north lot. Therefore, the court has subject matter jurisdiction over this appeal. Protect Hamden/North Haven From ExcessiveTraffic Pollution, Inc. v. Planning Zoning Commission, supra,220 Conn. 529 n. 3.
Although the daughter of plaintiff Tweedy testified to the court's satisfaction regarding the south lot, no evidence was adduced establishing that Tweedy's property lies within one hundred feet of the north lot as alleged.
No evidence was presented establishing the Schlinkerts' ownership of property abutting the north lot.
As discussed in the "south lot appeal," Zembra Olson is deceased and the property has been sold.
No evidence was produced regarding the Smiths' ownership of property.
Accordingly, the motion to dismiss is granted as to plaintiffs Tweedy, Olson, the Schlinkerts, and the Smiths.
RICHARD J. TOBIN, J.