[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal of a zoning amendment regulation allowing golf course(s) developments by special permits within zones initially zoned R-60 and R-80 and finally only R-80 in the Town of North Stonington.
The parties have stipulated to the record as well as presented some additional agreements and evidence in the trial court.
The court will address the findings of evidence in discussion of the legal claims raised by the parties.
 I.
The court finds that under Cole v. Planning Zoning Commission,30 Conn. App. 511, 514-515 (1993) and Lewis v. Planning ZoningCommission, 62 Conn. App. 284, 297 (March, 2001), the plaintiffs are aggrieved (statutory) "by virtue of their ownership of land within the zone to which the amendment pertains." (Citing Cole, supra, 514-515.)
The briefs presented to the court present qualitative and quantitative analysis of facts. When deciding statutory aggrievement, whereas Cole andLewis make clear that statutory aggrievement exists by legislative fiat, which grants . . . standing by virtue of a particular legislation, rather than judicial analysis of . . . facts of the case." Cole, 515.
Section 8-8 (a)(1) provides in relevant part that an aggrieved "includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."
The plaintiffs meet this criteria. Therefore, they are statutorily aggrieved by being within zone R-80 to which the November, 1999 amendment CT Page 10907 pertains, and have standing.
 II.
The plaintiffs claim that the regulations violate Connecticut General Statutes § 8-2, however, the court agrees with defendants' interpretation that golf courses are a separate class and the buffer zone is applicable to each golf course, not each other separate class, i.e. residential property.
 III. A.
Due process has never meant in a zoning amendment case; that there be exact treatment of existing properties to future potential properties.
 B.
The fact there were 74 changes made to the final regulation which were not submitted to the public by either notice or at the hearings is a qualitative analysis.
The actual notices and subject matter specified and then discussed at the public hearings are the same. It would be difficult to claim the subject matter changed at all in the final regulations.
The court concluded in Neuger v. Zoning Board of the City of Stamford,145 Conn. 625, 145 A.2d 738, 740-41 (1958), that:
 "To be adequate, the notice is required to fairly and sufficiently apprise those who may be affected of the nature and character of the action proposed, to make possible intelligent preparation for participation in the hearing. . . . Here, the notice of the public hearing clearly set forth that the hearing was called to consider an amendment to the zoning regulations which would add to them a definition of a shopping center and further would make possible the location in every such center of a liquor package store. The changes in the language of the amendment as a result of the views expressed at the hearing did not affect the sufficiency of the notice or the validity of the hearing. The very purpose of the hearing was to afford an opportunity to interested parties to make known their views and to enable the board to be guided by CT Page 10908 them. It is implicit in such a procedure that changes in the original proposal may ensue as a result of the views expressed at the hearing. . . . Notice of a hearing is not required to contain an accurate forecast of the precise action which will be taken upon the subject matter referred to in the notice. . . ."
The record shows minor deviation which would not amount to a consequential extent. There was good faith notice and compliance.
The removal of R-60 from the proposal does not give the right of protest under any cases or statutes.
 IV.
The defendants' brief concedes that when determining whether an amendment violates the comprehensive plan that the courts will not interfere with local legislative power . . . unless the action taken is clearly contrary to law or an abuse of discretion," citing Malafronte v.Planning Zoning, 155 Conn. 205, 209, 210 (1967).
Their main contention is that the town aquifer would be adversely affected and, therefore, the town. There is no reliable proof in the record that this conclusion would be true. To the contrary, the majority of evidence on the subject leads the court to believe the defendants have reasonably reviewed this matter and have provided assurances. Further, the amendments themselves provide for further oversight of the concerns; not only by the town, but by state and federal environmental agencies.
The defendants further concede there is no stated comprehensive plan for North Stonington. They give subjective personalized reasons for the golf course not being good for the town whereas others in the record laud the goal.
Clearly, it is within the town's legislative authority to decide its land uses in such a manner.
 V.
The plaintiffs have the burden of proving predetermination and prejudice. Cioffelletti v. Planning Zoning Commission, 209 Conn. 544
(1984).
The plaintiffs claim that there was prejudice and predetermination because of the role of alternate commission member Brad Currier: (1) that he was member of the Economic Development Commission which sent an CT Page 10909 endorsement of the proposed change to the Zoning Commission. The mere fact of being on the commission does not preclude his right to fulfill his duties to either commission. See Holt Lock, Inc. v. Zoning Planning Commission of the Town of Granby, 161 Conn. 182 (1971).
In this particular case, there is no show of prejudice. He abstained from the E.D.C. support letter. Nor did he vote on Zoning Commission approval. There is no other showing of an active role other than him being a real estate agent; must mean he meant to gain something; which is totally unsubstantiated therefore no personal interest cited in Holt. (2) The court will not go so far as to say a real estate agent or any other occupation which could be speculated to gain by zoning or other commission participation is a prejudice. This is what the plaintiffs claim and no court decisions agree.
Along the same lines, the plaintiffs claim that town officials in general, showed prior support of the proposal or by going to seminars (workshops) given by similarity situated defendants means they were predisposed. The court concludes they were making a best faith effort to do their jobs and serve the best interests of the whole Town of North Stonington and such practices are common, and can lead to a better informed public official. There is nothing to show they will be brain washed.
 VI.
The defendant's interpretation of Connecticut General Statutes §22a-19 is more in accord with the court's view. The statute is addressing the prohibition or supervision of authorized "conduct."
What the defendants are likely to do with the amendment is a future matter and the plaintiffs will have their cause of action and remedies at that time.
The court finds for the defendants.
McMahon, J.