[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
The plaintiffs, Pamela Rottier, Stephen Rottier, Robert Whitman, Eleanor Whitman, Maureen Bransfield, Ethel MacGregor, Elisabeth Barsa, Barbara Dodd and Marjorie Sopkin, appeal from the decision of the defendant, the town of Guilford planning and zoning commission (commission), adopting amendments to the zoning regulations and the zoning map. The plaintiffs challenge the commission's adoption of the zoning amendments through an administrative appeal pursuant to General Statutes § 8-8. Based on the facts of this case and the issues raised by the plaintiffs, however, the plaintiffs' challenge should have been brought by way of a declaratory judgment action, rather than an CT Page 2287 administrative appeal.
The record reveals the following facts. The Boston Post Road East design study committee (committee), which was appointed by the commission, is comprised of representatives from the commission, the economic development commission, the historic district commission, the chamber of commerce, the preservation and conservation community, as well as architects and landscape designers. The committee worked with ICON Architecture, Inc. and Community Planning Solutions (collectively, consultants) to "review the existing conditions, assess opportunities, and propose design and planning guidelines" for the Route 1 East corridor.[1] (ROR, Items 3, p. 2; 20, pp. 2-3.) This undertaking is known as the Route 1 East corridor study. (ROR, Items 3, pp. 2-3.) Public meetings were held on March 4, 2000, April 26, 2000 and July 20, 2000, to review the consultants' assessment of the subject area and to receive input from the community. (ROR, Item 3, p. 3; 20, p. 2.) This input was "incorporated in the creation of the planning and design guidelines document published in August 2000, as well as in the proposed zoning amendments. . . ." (ROR, Item 20, p. 2.) The planning and design guidelines recommend the adoption of new zones to "reflect a clear and simple transition from rural to village character" along the Route 1 East corridor. (ROR, Item 3, p. 3.)
The committee proposed the following amendments to the zoning regulations and the zoning map: (1) create three new zoning districts: a Post Road village zone district; a shopping center zone district; and a transition and service zone district; (2) delete the traffic management district; (3) delete the moratorium on Boston Post Road East; (4) create a design review committee and a design review process; and (5) amend the zoning map. (ROR, Items 16, pp. 6-7; 17, pp. 1-4.) In each of the new zones proposed by the committee a special permit is required to exceed the standards for lot coverage, total floor area and maximum building size. (ROR, Item 19, pp. 2-3, 7-8, 10-12.) Additionally, buildings that are nonconforming as to maximum coverage, maximum building size or maximum floor area may expand only upon first obtaining a special permit. (ROR, Item 19, pp. 3-4, 9, 12.) The special permit criteria are identical for each of the three proposed zones. (ROR, Item 19, pp. 4-5, 9, 12.) In approving a special permit, the proposed regulations provide that the commission will evaluate the applicant's compliance with eight mandatory criteria and two of the ten optional criteria, as well as recommendations made by the newly proposed design review committee. (ROR, Item 19, pp. 4-5.) The proposed amendments were based on the Planning and Design Guidelines, Route 1 East, Boston Post Road (planning and design guidelines), which were published by the committee. (ROR, Items 17; 20, pp. 2-3.) On November 1, 2000, the commission set a public hearing date to consider the proposed amendments. (ROR, Item 16, pp. CT Page 2288 6-7.) Notice of the public hearing was published in the Shore Line Times on November 29, 2000 and December 6, 2000. (ROR, Item 13.)
At the public hearing held on December 11, 2000, the committee presented the commission with a final draft of the proposed zoning amendments, dated November 1, 2000. (ROR, Items 1; 17; 20, pp. 2-3.) Following presentations made by several of the committee members regarding the proposed zoning amendments, the commission opened the meeting for public comment and questions. (ROR, Items 17, pp. 1-4; 20.) The commission then closed the public hearing and began deliberations. (ROR, Items 17, p. 4; 20, p. 76; 22.) After a discussion on the proposed zoning amendments, the commission voted separately on each zoning regulation amendment. (ROR, Items 17, pp. 4-8; 22, pp. 15-33.) The commission, upon finding that each of the amendments to the zoning regulations and the zoning map conformed with the town's comprehensive plan of development, unanimously voted to adopt the proposed amendments with minor modifications. (ROR, Items 17, pp. 4-8; 22, pp. 15-33.) The commission's decision was published in the Shore Line Times on December 20, 2000. (ROR, Item 14.) The plaintiffs now appeal the decision of the commission to amend the zoning regulations and the zoning map.
 II. DISCUSSION
The commission amended the zoning regulations and the zoning map based on recommendations made by a committee, which it appointed. The plaintiffs' appeal is not based on the approval or denial of a specific application, rather it is a general attack on the enactment of the actual amendments. The plaintiffs contend that in enacting the amendments the commission acted unreasonably, arbitrarily, illegally and in abuse of its discretion.
"Zoning must be sufficiently flexible to meet the demands of increased population and evolutionary changes in such fields as architecture, transportation, and redevelopment. . . . The responsibility for meeting these demands rests, under our law, with the reasoned discretion of each municipality acting through its duly authorized zoning commission. Courts will not interfere with these local legislative decisions unless the action taken is clearly contrary to law or in abuse of discretion. . . . [T]he test of the action of the commission is twofold: (1) The zone change must be in accord with a comprehensive plan, General Statutes § 8-2 . . . and (2) it must be reasonably related to the normal police power purposes enumerated in § 8-2. . . ." (Citations omitted; internal quotation marks omitted.) Harris v. Zoning Commission,259 Conn. 402, 417, ___ A.2d ___ (2002). CT Page 2289
The plaintiffs raise a number of issues on appeal, constitutional, as well as nonconstitutional. The plaintiffs allege, and argue, that the commission acted outside its scope of authority in enacting the subject amendments. More specifically, the plaintiffs argue that General Statutes § 8-2 does not authorize the commission to amend the zoning regulations to permit the expansion of nonconforming buildings by special permit. They characterize the commission's action as "[varying] the regulations" and contend that the authority to vary regulations is reserved for the zoning board of appeals pursuant to General Statutes § 8-6. (Plaintiffs' Brief, p. 4.) The plaintiffs also allege, and argue, that the special permit criteria lack standards, and are, therefore, overly vague and broad. The plaintiffs further assert that because the special permit criteria are subject to multiple interpretations they violate the uniformity requirement of General Statutes § 8-2 and constitute contract zoning. The plaintiffs also raise the issue of spot zoning. They allege, and argue, that the shopping center zone district involves a small parcel of land that was created to serve the needs of a particular property owner, rather than the needs of the community as a whole. The plaintiffs also contend that the amendments to the zoning regulations and the zoning map do not comport with the town's comprehensive plan of development, and that the commission failed to state on the record how the amendments conformed to the plan.
The plaintiffs further argue, but do not allege, that the commission improperly relied upon evidence outside of the public hearing. They contend that the regulations adopted by the commission reference two documents, the planning and design guidelines and the Survey of the Historic Architecture of Guilford, Connecticut (the survey), neither of which were introduced into evidence at the public hearing. The plaintiffs also assert that these two documents were never published as part of the legal notice as required by General Statutes § 8-3.
Lastly, Sopkin, one of the named plaintiffs, alleges, and argues, that she did not receive notice of the public hearing as required by § 273-109 of the Guilford zoning regulations. Section 273-109 provides that zoning regulations, including the zoning map "may be amended by the Commission on its own initiative or when initiated by a petition. . . ." This regulation requires that personal notice be mailed to property owners holding title to property "within 500 feet of the proposed change," when amendments to the zoning map are initiated by a petition, rather than by the commission. Guilford Zoning Regulations § 273-109 B.
The commission asserts that it was acting within its statutory authority when it amended the zoning regulations because the regulations CT Page 2290 provide for an increase in bulk requirements by way of a special permit, and not a variance, as argued by the plaintiffs. The commission further contends that the amendments do not violate the uniformity requirement set forth in General Statutes § 8-2 because special permits are exempt from this requirement. Additionally, the commission argues that the special permit criteria do not lack standards nor do they constitute contract zoning because the criteria provide for the granting of a special permit "in accordance with specific uniform standards available to all property owners who come within the criteria." (Commission's Brief, p. 18.) On the issue of spot zoning, the commission contends that the shopping center zone district "was intended to benefit the community as a whole, and was done as part of the comprehensive re-zoning scheme for Route 1," therefore, the creation of this zone does not constitute spot zoning. (Commission's Brief, p. 32.)
In regards to the plaintiffs' constitutional claim that the zoning amendments are overly broad and vague, the commission argues that the plaintiffs lack standing to bring this claim. The commission contends that because the plaintiffs are not challenging the amendments in the context of a specific application, but, rather, are attacking the facial validity of the amendments, the plaintiffs must implicate a first amendment interest or a fundamental constitutional right. The commission asserts that the plaintiffs have not alleged that the amendments to the zoning regulations implicate free speech or another fundamental constitutional right, nor have they alleged that they own property in the area affected by the zone changes.
The commission argues that the court should not review the plaintiffs' claim that when approving the amendments it merely issued a conclusory statement that the amendments comport with the comprehensive plan of development because the plaintiffs failed to raise this issue as a claim of error in the appeal. The commission further asserts that the transcript of the deliberative session reveals that motions to adopt the amendments included a finding that the amendments were consistent with the comprehensive plan of development. Additionally, the commission argues that the plaintiffs' claim that it considered new evidence after the close of the public hearing is without merit. The commission contends that the planning and design guidelines and the survey, both of which are referenced in the special permit criteria section of the amended regulations, are public documents and were not required to be introduced at the public hearing. In regards to these two documents, the commission refutes the plaintiffs' argument that it "adopted" these documents. The commission asserts that it merely referenced the documents in setting forth the special permit criteria, and that it was not required by General Statutes § 8-2 to specifically reference the documents in the legal notice of the public hearing. CT Page 2291
Finally, the commission asserts that its failure to provide Sopkin with personal notice of the amendments to the zoning map, in accordance with § 273-109 B of the Guilford zoning regulations, does not invalidate its decision. The commission argues, inter alia, that it was not required to provide Sopkin with personal notice of the zone map changes because § 273-109 requires personal notice to those owning property within 500 feet of the proposed change only if the amendment is initiated by a petition. The commission contends that because it appointed the committee that proposed the zoning map amendments, it was acting on its own initiative, rather than on a petition.
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal."Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192, 676 A.2d 831
(1996). There are two types of aggrievement, statutory and classical.Cole v. Planning Zoning Commission, 30 Conn. App. 511, 514, 620 A.2d 1324
(1993). A plaintiff is statutorily aggrieved if such person "[owns] land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes § 8-8
(a)(1).
To establish classical aggrievement, a two-part test must be satisfied. Harris v. Zoning Commission, supra, 259 Conn. 410-11. "[F]irst, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. . . . The determination of aggrievement presents a question of fact for the trial court and a plaintiff has the burden of proving that fact. . . ." (Citations omitted; internal quotation marks omitted.) NortheastParking, Inc. v. Planning Zoning Commission, 47 Conn. App. 284, 288,703 A.2d 797 (1997), cert. denied, 243 Conn. 969, 707 A.2d 1269 (1998).
The plaintiffs allege that they are aggrieved because they "own premises that abut or are within 100 feet of the proposed new zones or areas affected by proposed regulations or have an interest sufficient to be aggrieved by the actions of the [commission]. . . ." (Complaint, ¶ 2.) At the trial, held on November 13, 2001, the Rottiers, the Whitmans, Bransfield, MacGregor and Sopkin submitted deeds to their property. (Plaintiffs' Exh. B.) The plaintiffs also submitted the Guilford CT Page 2292 grand list of 2000 and the assessor's maps to establish aggrievement. (Plaintiffs' Exhs. A, C-D.) The Rottiers, the Whitmans, Bransfield and MacGregor have submitted evidence establishing that they own property that either abuts, or is within, one hundred feet of the shopping center zone district. They did not, however, submit evidence to establish that they are either statutorily or classically aggrieved as to the amendments to the zoning regulations and the zoning map pertaining to the creation of the Post Road village zone district and the transition and service zone district, the creation of the design review committee and the deletion of the traffic management district and the moratorium on Boston Post Road East. In regards to Dodd, Barsa and Sopkin, these plaintiffs did not submit evidence to support their claim that they are either statutorily or classically aggrieved as to any of the amendments to the zoning regulations and the zoning map. The court finds that the Rottiers, the Whitmans, Bransfield and MacGregor are statutorily aggrieved as to the amendment to the zoning regulations and the zoning map that pertain to the shopping center zone district, however, these plaintiffs are not aggrieved as to any of the other amendments adopted by the commission.
The court, in recognizing that the Rottiers, the Whitmans, Bransfield and MacGregor (the plaintiffs) are statutorily aggrieved, notes that the scope of their aggrievement is limited. This, unfortunately, prohibits the court from fully addressing the issues raised in the appeal. For example, the plaintiffs attack the validity of the special permit criteria that are incorporated in each of the newly created zones, however, the validity of the special permit criteria as applied to the Post Road village zone district and the transition and service zone district cannot be addressed in an appeal because the plaintiffs are only aggrieved as to the shopping center zone district. Furthermore, the plaintiffs challenge the special permit criteria on constitutional grounds, alleging that the criteria are vague and overbroad, but they fail to provide a sufficient record from which the court can evaluate this claim. Additionally, the plaintiffs challenge the creation of the design review committee and a design review process and the deletion of the traffic management district and the moratorium on Boston Post Road East, however, they are not aggrieved as to these amendments. The court recognizes, despite the plaintiffs' characterization in their arguments, that this appeal is a general attack on the validity of the amendments made to the zoning regulations and zoning map. As such, based on the facts of this case, the court finds that the appropriate procedural vehicle by which to address the issues raised by the plaintiffs is a declaratory judgment action, rather than an administrative appeal.
In Cioffoletti v. Planning Zoning Commission, 209 Conn. 544, 563,552 A.2d 796 (1989), our Supreme Court held that a general challenge to CT Page 2293 the validity of zoning regulations should be brought by way of a declaratory judgment action, "rather than an appeal from the denial of an application submitted pursuant to those regulations." Id. The court reasoned that "[t]he validity of the regulations is a question in which many property owners, in addition to the plaintiffs, may have an interest, and an opportunity for such persons to intervene should be afforded before any such determination should be made." Id. TheCioffoletti rule was abandoned by the court in Stafford HigginsIndustries, Inc. v. Norwalk, 245 Conn. 551, 582, 715 A.2d 46 (1998), a tax appeal brought pursuant to General Statutes § 12-119. "[I]n challenges to the validity of municipal or agency legislation, the interests of the municipality or agency in upholding its legislation provide sufficient protection to the interests of third parties in that legislation and, therefore, it is not necessary to require that such challenges be brought as declaratory judgment actions. Therefore, we abandon the Cioffoletti rule requiring that general attacks on the validity of legislation be brought in the form of declaratory judgment actions instead of substantive appeals." Id.
In Bombero v. Planning Zoning Commission, 218 Conn. 737, 742-46,591 A.2d 390 (1991), a case which predates, but was not overruled byStafford Higgins Industries, Inc., the court relaxed the Cioffoletti
rule. In Bombero, the planning and zoning commission appealed from the trial court's decision that the amendments to subdivision regulations were arbitrary and unconstitutionally vague. Id., 737-38. The court, in reversing the trial court, held that "the trial court should not have considered the validity of the subdivision regulation in the context of the plaintiffs' zoning appeal. . . ." Id., 738. The court further held that there may be situations in which, based on the procedural posture of the case, a party "may have no practical choice but to raise his challenge in the context of an [administrative] appeal [however] [w]here, as here, the plaintiff mounts a general attack on the legislative enactment of a regulation, primarily based on constitutional vagueness grounds, and combines therewith nonconstitutional grounds for the regulation's invalidity, he must do so by a declaratory judgment action rather than by an appeal from the enactment." Id. 745. Additionally, the court noted that the record, which was "devoid of a sufficient factual basis on which to evaluate the claimed vagueness of the regulation," supports its decision that the plaintiffs' challenge must be brought through a declaratory judgment action. Id., 742-43.
"Regulations, like statutes, do not exist in a vacuum. . . . Ordinarily, their purported vagueness should be evaluated in the context of a specific factual situation, so that a court may resolve any ambiguities and, if necessary, interpret them in the light of those facts so as to avoid any potentially unconstitutional vagueness. Id., 743. As CT Page 2294 in Bombero, the plaintiffs in the present case attack the validity of amendments made to the zoning regulations, raising constitutional and nonconstitutional claims. The plaintiffs' principal claim is that the special permit criteria, which affect the three newly created zones, lack standards and are, therefore, unconstitutionally vague. This issue, however, cannot be properly addressed through an administrative appeal because, although the plaintiffs are aggrieved as to the shopping center district zone, they have failed to establish that they are aggrieved as to the Post Road village district zone or the transition and service zone district. As the court in Bombero emphasized, "[w]here . . . the plaintiffs combine constitutional and unconstitutional attacks on [regulations], it serves judicial economy to require that the nonconstitutional claims of invalidity be presented to the court in the same action as the constitutional claims. It makes little procedural sense to balkanize the plaintiffs' challenges between a declaratory judgment action and an appeal. Since the declaratory judgment action can accommodate both the constitutional and nonconstitutional claims, whereas the statutory appeal may not, judicial economy suggests that the declaratory judgment action be the proper vehicle." Id., 745.
Based on the foregoing analysis, the court dismisses the plaintiffs' appeal.
Anthony V. DeMayo, Judge Trial Referee