[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
 I
The plaintiffs in the above-captioned matter have appealed a decision of the defendant Madison Planning Zoning Commission ("the Commission") approving an application by the defendant, Leyland Development, LLC ("Leyland"), for an amendment to the Madison Zoning Regulations.
Leyland has moved to dismiss said appeal, claiming that none of the plaintiffs can establish aggrievement so as to confer upon them standing to prosecute said appeal.
A hearing on said motion was held on April 11 and April 18, in the course of which the plaintiffs sought to establish aggrievement for purposes of standing to prosecute this appeal. The matter was continued to allow the parties to file memoranda of law.
In the course of the said hearing, plaintiffs' counsel asked and received permission to withdraw Peter P. Sakalowski, John R. Dean and CT Page 7797 Philip N. Costello, Jr., as plaintiffs. The surviving plaintiffs are James F. Staunton, Ellen Lowe, James A. Torres, Vita Marie T. Torres, James F. Bowe and Elizabeth A. Bowe.
 II
On or about November 15, 2000, Leyland petitioned for an amendment of the Madison Zoning Regulations. Leyland requested the Commission to amend § 4.1.37 of the regulations to permit a "Planned Adult Community" as an allowed use, permitted by special exception, on a property known as Griswold Airport, a 42 acre property in the Town of Madison. As its name indicates, the subject property historically had been used as an airport. Prior to the amendment at issue, the allowed use, permitted by special exception, for the subject property was:
 "Business and professional offices including accessory uses customary with and incidental to such uses, to include book storage and distribution."
On or about August 2, 2001, the Commission approved, with modification, the application for amendment.
 III
In order to defeat the defendant Leyland's motion to dismiss, the plaintiffs sought to establish "classical aggrievement", conferring on them standing to bring the instant appeal.
 It is well established that a party claiming classical aggrievement must meet a two-part test. "First, the party claiming aggrievement must demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as the concern of all members of the community as a whole. Second, the party claiming aggrievement must establish that this specific, personal and legal interest has been specifically and injuriously injured by the decision."
 Primerica v. Greenwich Planning Zoning Commission, 211 Conn. 85, 92-93.
With regard to classical aggrievement, the plaintiffs may be divided into two groups. Staunton and Lowe claim the view from their respective properties is, or will be, adversely affected by the decision at issue. The Torres' and Elizabeth Bowe claim that the decision at issue impacts CT Page 7798 or will impact adversely travel safety and traffic flow, occasioning increased delays.
 IV
The plaintiffs Staunton and Lowe each own property in the Town of Clinton overlooking the Hammonasset River and extensive salt marshes to the west. Both properties afford a sweeping, panoramic view over the river and marshland and encompassing much land in Madison, including the Griswold Airport property, located over 1500 feet from these plaintiffs' property. The view is precious to both plaintiffs. Staunton testified it was the primary reason he acquired his property and designed and located his house. Lowe is an artist and the view not only affords her much pleasure but is the inspiration for, and subject of, much of her painting. Photographs admitted into evidence make it easy to understand these plaintiffs' attachment for the said view. Both plaintiffs claim the construction of a planned adult community on the Griswold Airport land will adversely impact their view and have appealed the defendant commission's decision amending the zoning regulations. The Court finds that Staunton and Lowe have failed to establish aggrievement, "classical" or statutory. They have failed to establish that they have an entitlement to an unchanging view, nor an entitlement to an unchanging view of the Griswold Airport property, a small portion of the overall view. Neither plaintiff claimed to enjoy the benefit of a deed restriction or covenant designed to protect the view from their respective properties. Neither plaintiff established he or she had a legal right to an unaltered view of the Griswold Airport property. The Court notes that, prior to the amendment at issue, the zoning regulations allowed, by special permit, the use of the Griswold Airport property for business and professional offices with a maximum building height of 55 feet "and one elevator tower" to a maximum height of 60 feet.
Further, these plaintiffs' concerns over the impact, on their views, of construction of a planned adult community on the Griswold Airport property remain mere fears and apprehensions. "Allegations and proof of mere generalizations and fears are not enough to establish aggrievement."Sheridan v. Planning Board, 159 Conn. 1, 14 (citation omitted). The Commission's decision, amending the regulations, had no impact whatsoever on these plaintiffs' views of the Griswold Airport property. "Trial courts are not required to make predictions about how a commission may one day apply amended regulations to a potential claimant. In order to meet its burden, a party seeking to invalidate a regulation is required to present sufficient facts to the court that demonstrate the regulation's adverse impact on some protected interest of its own, in its own particular case, and not merely under some hypothetical set of facts as yet unproven." Queach Corp. v. Inland Wetlands Commission, CT Page 7799258 Conn. 178, 190. The plaintiffs Staunton and Bowe have failed to meet this burden. They have failed to establish that either has a specific, personal and legal interest in the subject matter of the decision appealed from, and have failed to establish that any such interest has been adversely affected by the decision appealed from. The Court finds that Staunton and Lowe have failed to establish aggrievement, "classical" or statutory. Consequently, James F. Staunton and Ellen Lowe have no standing to pursue this appeal and the Court will order them removed as plaintiffs in this action.
 V
The plaintiffs, James A. and Vita Marie T. Torres, and James F. and Elizabeth A. Bowe, claim that they live nearby the Griswold Airport; that access to and from their home is by a drive connecting with Route 1; that the current density of traffic along Route 1 is such as to cause them inordinate delays in entering Route 1; that the proposed "Planned Adult Community" will add to the density of traffic on Route 1, exacerbating an intolerable situation, causing these plaintiffs "inordinate delays and safety issues."
The plaintiffs Torres and Bowe have failed to establish classical aggrievement conferring on them standing to pursue this appeal. They claim aggrievement by virtue of the impact the proposed project to be located on the Griswold Airport property will have on traffic and safety issues. This claim is without merit. The plaintiffs failed to establish that the decision of the defendant commission, approving Leyland's application for zone regulation change has had or will have any impact whatsoever on traffic, traffic safety, or traffic delays in the vicinity of the subject property. Trial courts are not required to make predictions about how a commission may one day apply amended regulations to a potential claimant. Queach Corp. v. Inland Wetlands Commission, supra, at 190. Unless or until Leyland or a successor seeks and obtains commission approval of a development, on the Griswold Airport site, the plaintiffs' traffic concerns remain speculation. The plaintiffs have failed to establish that they have a specific, personal and legal interest in the commission decision at issue, that has been specially and injuriously affected by said decision. Neither the ages of the Bowes and Torres' nor their health problems constitute "legal interests" adversely affected by the decision at issue. This conclusion is in accord with "[T]he basic zoning principle that zoning regulations must directly affect land, not the owners of land", Reid v. Zoning Board of Appeals,235 Conn. 850, 857, quoting T. Tondro, Connecticut Land Use Regulation
(2d Ed. 1992), p. 127. The plaintiffs Bowe and Torres have failed to establish that they or any of them have a specific, personal and legal interest in the commission decision at issue, that has been specially and CT Page 7800 injuriously affected by said decision.
 VI
In their post-hearing memoranda of law, filed following the hearing on the motion to dismiss, the plaintiffs Bowe and Torres raise for the first time a claim they are statutorily aggrieved, pursuant to General Statutes, § 8-8. The basis for this claim is that the plaintiffs' properties are within the R-2 district, as is a portion of the Griswold Airport property.
Leyland asserts that it is improper and unfair for the plaintiffs to raise this claim at this late stage and that it has not been afforded notice and an opportunity to address the claim. In fact, Leyland has ably addressed the claim at issue in its post-hearing memorandum of law. Both pleading and proof of aggrievement are a prerequisite to a trial court's jurisdiction over the subject matter of the plaintiffs' appeal. Cole v.Planning Zoning Commission, 30 Conn. App. 511, 515. "It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged". Stepney Pond Estates. Ltd. v. Monroe, 260 Conn. 406, 417
(citations omitted). While a claim of statutory aggrievement is not specifically articulated by the plaintiffs in their second amended appeal, the Court concludes that the plaintiffs' claim of "aggrievement" in paragraph 15, coupled with the claim by the plaintiffs Bowe and Torres that they own property on Sandgate Circle, and coupled with their claims of spot zoning, violation of General Statutes, § 8-2 and violation of Madison's comprehensive plan in paragraph 7 of said appeal, enables the plaintiffs to survive a claim that the appeal should be dismissed for failure to plead statutory aggrievement. The Court finds it has jurisdiction to address the plaintiffs' claim of statutory aggrievement and will do so.
Pursuant to General Statutes, Section 8-8 (a)(1) an aggrieved person "includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." There is no claim here that either the Torres property or the Bowe property abuts or is within a radius of one hundred feet of any portion of the Griswold Airport property. Rather, these plaintiffs claim statutory aggrievement by virtue of the location of their properties within the R-2 district, as is a portion of the Griswold Airport property. In support of their claim the plaintiffs cite Timber TrailsCorporation v. Planning Zoning Commission, 222 Conn. 374, 376, n. 3, in which the plaintiff appealed the action of the defendant commission in amending its regulations, inter alia, to increase lot size and make all Zone A requirements applicable to Zone B. The footnote cited reads: "As CT Page 7801 owners of land in zone B, the plaintiffs are aggrieved parties." (citations omitted). Leyland distinguishes the instant matter from TimberTrails, pointing out that the amendment in Timber Trails pertained to all properties in the zone while the amendment at issue applies only to the Griswold Airport property. Leyland concedes that persons owning property abutting or within a radius of one hundred feet of the Griswold Airport property would be statutorily aggrieved, but none of the plaintiffs in the instant matter own such property. The plaintiffs Torres and Bowe cite also Cole v. Planning Zoning Commission, 30 Conn. App. 511. In Cole, the Commission issued a special exception permit and site plan approval for the establishment of a commercial sawmill in the R-3 and R-5 residential zones. The trial court dismissed the appeal, finding that the plaintiffs had failed to establish classical aggrievement. The Appellate Court reversed, finding that the plaintiffs were statutorily aggrieved in that they owned property within the affected zone. That the Cole plaintiffs had pleaded that they owned property within 100 feet of property upon which someone intended to operate a sawmill [rather than pleading aggrievement based on ownership of property within the affected zone] the Appellate Court found of no moment: "Whether the plaintiffs own property within the zone or within 100 feet of the affected zone is not significant for purposes of establishing statutory aggrievement". Colev. Planning Zoning Commission, supra, at 515.
Leyland claims that the amendment at issue, changing the uses permitted on the Griswold Airport property, affected only that property, and had no impact on other properties in the R-2 district.
Section 3 of the Zoning Regulations of the Town of Madison sets out the requirements for residence districts, including the R-2 district. § 3.1 of the regulations states, in pertinent part, "the purpose of this district is to set aside and protect areas which may be developed for single family dwellings on large lots. It is intended that all uses permitted in this district be compatible with single family development and consistent with local street characteristics." Under the Madison scheme of land use regulation, regulations governing specific properties are in place. Zoning Regulations, § 4-B addresses requirements for "site specific" special exceptions. § 4.1.37 is specific to the Griswold Airport property, setting out uses permitted by special exception and building requirements for said property. The plaintiffs claim such regulation constitutes "spot zoning:" violates General Statutes § 8-2 and violates Madison's comprehensive zoning plan. The plaintiffs claim that as residents in the same R-2 district they are statutorily aggrieved so as to have standing to challenge the legality of a regulation specific to a property within the district. The Court agrees. The court finds that the plaintiffs, Bowe and Torres, are owners of land within a zone affected by the amendment at issue. CT Page 7802
The Court concludes that the plaintiffs Torres and Bowe have established statutory aggrievement, pursuant to General Statutes, §8-8, conferring on them standing to pursue this appeal. Because no plaintiff has established "classical" aggrievement, all claims of classical aggrievement are dismissed.
 VII
The plaintiffs, James A. Staunton and Ellen Lowe, having failed to establish aggrievement, classical or statutory, are removed as plaintiffs in this appeal.
The plaintiffs, Bowe and Torres, have failed to establish classical aggrievement but have established statutory aggrievement sufficient to confer on them standing to pursue this appeal.
The motion to dismiss this appeal for lack of subject matter jurisdiction is denied.
Downey, J.T.R.