[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO RECONSIDER
 I
The defendant, the Madison Planning Zoning Commission ("Madison") moves for reconsideration by this court of its decision dated June 18, 2002, denying the defendant, Leyland Development, LLC's ("Leyland") motion to dismiss the above-captioned matter.
The plaintiffs are appealing Madison's action in amending its regulations to allow a "Planned Adult Community" by special exception on property known as Griswold Airport ("The Airport Property"). The Airport property is located partly in the R-. 1 and partly in the R-2, Zoning District.
In the decision at issue the court found that none of the plaintiffs had established "classical" aggrievement but that the plaintiffs, James and Vita Marie Torres and James and Elizabeth Bowe were statutorily aggrieved by virtue of their ownership of property in the R-2 zone.
 II
Conceding that under certain circumstances an amendment to the zoning regulations could confer standing on owners of property in the zone affected the defendants argue that such is not the case here. The defendants claim that the amendment at issue has no effect on the plaintiffs' property. The defendants cite Northeast Parking, Inc. v.Planning Zoning Commission, 47 Conn. App. 284, in support of their claim.
But Northeast Parking is distinguishable from the instant matter. First, the action appealed from in Northeast Parking was an amendment to a special permit, an administrative decision. Id. at 287. In the instant matter, the Commission action appealed from was an amendment to the CT Page 15334-il zoning regulations. Second, there was no claim of statutory aggrievement in Northeast Parking. When the Appellate Court stated that, "The commission's granting of a special permit and the amendment to it does not affect the plaintiffs' ability to use their land," Id., at 296, said court was addressing, and rejecting, said plaintiffs' claim of classical aggrievement.
One statutorily aggrieved need not fulfill the requirements of classical aggrievement to have standing to pursue an appeal.
"The plaintiffs, however, as owners of land within [either the R-3 zone or the R-5 zone], the zones to which the amendment pertains, are aggrieved parties by virtue of General Statutes, § 8-8 (a) (1)." Colev. Planning Zoning Commission, 30 Conn. App. 511, 514.
"Whether the plaintiffs own property within the affected zone or within 100 feet of the affected zone is not significant for purposes of establishing statutory aggrievement," Id., at 515.
The defendants have failed to persuade this court to reverse its finding that the plaintiffs Torres and Bowe, as "owners of land within a zone affected by the amendment at issue," are statutorily aggrieved.
 III
Madison claims that the airport property was "effectively' not in the same zoning district as the plaintiffs' properties because the airport property was subject to an earlier, site-specific special exception provision allowing business and professional offices. Thus, Madison argues, "as a practical matter, "the airport property had already been placed in a different zoning district from the plaintiffs' properties, "albeit one that was not given a formal designation."
The court finds this argument unpersuasive. The plaintiffs' Bowe and Torres' properties are in the R-2 zoning district, as is part of the airport property and, this being the case, the court is unable to find that the airport property is "effectively" in a zoning district (undesignated) other than that in which the plaintiffs', Bowe and Torres' property lies.
 IV
Leyland, in support of Madison's motion for reconsideration, reiterates its claim that the plaintiffs' claim of statutory aggrievement was untimely raised, depriving the defendants of their due process rights of CT Page 15334-im notice and opportunity to be heard. This court has addressed and rejected this claim in Part VI of its June 18, 2002 decision and rejects Leyland's claim for the reasons stated therein.
 V
The defendant, Madison's, motion for reconsideration is granted, but the relief requested is denied.
By the Court,
 ___________________ John T. Downey Judge Trial Referee
CT Page 15334-in